**HOBBS v. EMPLOYERS' LIABILITY ASSUR. CORPORATION et al.**

**No. 17153.**

Court of Appeal of Louisiana. Orleans.

May 22, 1939.

For former opinion, see 188 So. 191.

Edward Rightor and W. H. Sellers, both of New Orleans, for appellants Mrs. James A. Walker and Employers' Liability Assur. Corporation, Ltd.

H. L. Hammett, of New Orleans, for appellants L. J. Hollands and Hardware Mut. Casualty Co.

Brady, Brady & Phillips, of Brookhaven, Miss., and Lemle, Moreno & Lemle, of New Orleans, for appellee.

PER CURIAM.

We have carefully considered the applications for rehearing presented herein by the defendant insurance companies and we remain convinced that our opinion and decree are correct.

By supplemental application, counsel for both insurers have challenged, for the first time, the right of the district court to grant interest against them from date of judicial demand and they state that, under the provisions of their policies of insurance, interest can be awarded only from the date of the entry of the judgment. This point was neither set forth in the defendants' pleadings nor was it directed to the attention of the district judge. In addition to this, it was not raised by counsel when the case was argued and submitted to us for our decision. Under such circumstances, we would be justified in refusing to entertain the proposition. See In re Liquidation of Canal Bank & Trust Co., La.App., 162 So. 81; Marionneaux v. Smith, La.App., 164 So. 456; and Gautreaux v. Harang, 190 La. 1060, 183 So. 349.

Aside from this, we believe that the belated contention of the defendants is barren of merit. The point was originally suggested in a supplemental petition for rehearing of the Hardware Mutual Casualty Company. Afterwards, the other defendant, Employers Liability Assurance Corporation, Ltd., urged the same proposition. The clause of the policy depended upon reads as follows:

"It is further agreed that as respects insurance afforded by this policy under coverages A and B the company shall

* * *

"(B) Pay all premiums on bonds to release attachments for an amount not in excess of the applicable limit of liability of this policy, all premiums on appeal bonds required in any such defended suit, but without any obligation to apply for or furnish such bonds, all costs taxed against the insured in any such suit, all expenses incurred by the company. *All interest accruing after entry of judgment until the company has paid, tendered or deposited in court such part of such judgment as does not exceed the limit of the company's liability thereon,* and any expense incurred by the insured, in the event of bodily injury for such immediate medical and surgical relief to others as shall be imperative at time of accident.

"*The company agrees to pay the expenses incurred under divisions (a) and (b) of this section in addition to the applicable limit of liability of this policy.*" (Italics ours.)

Defendants say that, under the foregoing clause, particularly the portion of it which we have italicized, they are only liable to the plaintiff for interest accruing from the date of the entry of the judgment.

We cannot interpret the policies in the manner contended for. It is not pretended by the defendants that the amount of the judgment, together with interest from judicial demand (which has attached to, and became part of, the judgment under Section 1 of Act No. 206 of 1916), exceeds the limit of coverage granted to the insureds under the policies. The provisions relied upon have application only in cases where the judgment is for the maximum limit (or where it exceeds the limit) of the insurers' liability and, in all such cases, the insurers agree to pay, in addition to the principal amount of the policies, all interest which accrues on the judgment from the date of its entry. In other words, it is clearly shown by the above quoted clause that interest from date of entry of the judgment shall be paid by the insurer over and above, and in addition to, the limit of its liability on the policy and the stipulation is pertinent only in instances where the insurer or its insured has been cast for the maximum amount of its responsibility under the contract.

The case of Lowery v. Zorn, 184 La. 1054, 168 So. 297, cited by the defendants is directly in accord with the interpretation we place upon the clause in question for, there, the judgment was for more than the limit of the policy and the Supreme Court held that the plaintiff was entitled to additionally recover interest from the date of entry of the judgment.

The applications for a rehearing are refused.

Rehearing refused.