104 So.2d 734 (1958)
HIGHWAY CASUALTY COMPANY, an Illinois Corporation, Appellant,
v.
Miss Myrtle JOHNSTON and H.H. Deane, Appellees.
Supreme Court of Florida.
July 16, 1958.
Rehearing Denied September 15, 1958.
*735 Truett & Watkins, Miami, and Roland W. Granat, Miami Beach, for appellant.
Nichols, Gaither, Green, Frates & Beckham, Sam Daniels and J.B. Spence, Miami, for appellees.
HOBSON, Justice.
Miss Myrtle Johnston, one of the appellees herein, secured a judgment for personal injury in the sum of $40,000 against H.H. Deane. An appeal was taken by Deane without supersedeas. Appellant herein, Highway Casualty Co., is Deane's liability insurer. It refused to pay that portion of the judgment for which it was liable under its contract with Deane and either failed or refused to supersede the $40,000 judgment. The present garnishment proceedings were commenced after execution against Deane on the unsuperseded judgment was returned unsatisfied. Both Miss Johnston and the Highway Casualty Co. presented motions for summary judgment. The trial judge granted the motion filed by Miss Johnston and entered a $12,000 judgment in her behalf. This appeal by the casualty company ensued.
Appellant contends that because the appeal in the original tort action was pending in this court at the time the garnishment action was commenced, such proceeding in garnishment was premature. Appellant also takes the position that the trial judge erred in allowing interest on the full amount of the judgment in the tort action rather than interest upon only $10,000, which was the limit of liability on the policy issued to H.H. Deane by Highway Casualty Co.
By opinion filed June 13, 1958, we affirmed the judgment entered in the original tort action. Consequently the question "was the garnishment proceeding premature in view of the appeal pending in the original tort action?" has been rendered moot.
Appellant argues that it should not be required to pay interest on the entire $40,000 judgment because Miss Johnston has at all times since the entry of the judgment in her action against Deane been at liberty to proceed against Mr. Deane to collect the amount of the judgment above and beyond the casualty company's $10,000 limit of liability. The insurance carrier strenuously contends that "it does violence to common sense and logic to insist this insurance company should pay interest on the remaining $30,000 of the judgment for the payment of which the plaintiff can look solely to the defendant" and that "it is less than logical to insist the insurance carrier should pay interest on this $30,000 which it has not superseded, which it cannot be called upon by the plaintiff to pay, and over which it has absolutely no control, nor any obligation to pay."
We might be inclined to agree with appellant's contention were it not for the fact that the insurance carrier by its own *736 contract obligated itself to pay "* * * all interest accruing after entry of judgment until the Company has paid, tendered, or deposited in court such part of such judgment as does not exceed the limit of the Company's liability thereon * * *" (Italics supplied.) This language does not appear to us to be ambiguous. However, if it were ambiguous is should be construed against the insurer. See Rigel v. National Casualty Co., Fla. 1954, 76 So.2d 285.
It is our view that the question now under discussion is purely and simply a matter of contract and that there is no room for the argument, however logical, absent the provision of the insurance contract to the contrary, that the carrier should be charged only with interest upon $10,000. It is clear that the judgment in the sum of $40,000 was entered and that an appeal therefrom was taken without the filing of a supersedeas bond. The carrier has not "paid, tendered, or deposited in court such part of such judgment as does not exceed the limit of the Company's liability thereon."
The casualty company suggests that its obligation to pay all interest accruing after entry of the judgment has no binding force or effect "for reason that Florida has no specific provision for payment into Court of a portion of the judgment." This may be true, but the carrier had two other alternatives. There certainly is no law which specifically prohibits anyone from paying or tendering a sum of money for which he is liable. Moreover, appellant could have required the filing of an appeal [supersedeas] bond in the appeal from the $40,000 judgment, although it was not obligated by any provision of its contract to do so. It would have been necessary, however, that the carrier pay the premium on such a bond, for by its contract it agreed to pay "all premiums on appeal bonds required in * * *" any suit which it is obligated to defend.
The casualty company, in Section 2(d) of its policy, limited its liability for bond premiums in securing release of attachments in the following language: "* * * pay all premiums on bonds to release attachments for an amount not in excess of the applicable limit of this policy * * *" In the very same section, however, the carrier did not limit its liability for interest to the face amount of the policy. On the contrary, it agreed to pay "all interest accruing after entry of judgment until the Company has paid, tendered or deposited in court such part of such judgment as does not exceed the limit of the Company's liability thereon * * *." The casualty company could, of course, have limited its liability on interest, had it so desired, as it did on premiums on bonds to release attachments. This it did not do.
We are not unaware of the fact that the insurance companies fix their premiums in direct ratio to their contractual obligations. Everyone knows that the insurance field is highly competitive. Had appellant entertained any doubt with reference to its obligation upon the subject under discussion it could have revised the verbiage of its contract before the issuance thereof.
The dilemma in which the carrier finds itself appears to us to be of its own making. We cannot find any justification for the casualty company's contention that it is not liable for interest on the entire judgment. See Underwood v. Buzby, 3 Cir., 236 F.2d 937; Maryland Casualty Co. v. Wilkerson, 4 Cir., 210 F.2d 245; and Russom v. United Services Automobile Ass'n, D.C., 143 F. Supp. 790, affirmed United Services Automobile Association v. Russom, 5 Cir., 241 F.2d 296.
Affirmed.
TERRELL, C.J., and THOMAS, DREW and O'CONNELL, JJ., concur.