CARLILE, A MINOR, APPELLANT, *v.* VARI; THE GULF INS. CO.,
APPELLEE.

(No. 4112—Decided February 28, 1961.)

*Mr. Paul W. Brown*, for appellant.
*Mr. George M. Jones*, for appellee.

DOYLE, P. J.  This is an appeal from a judgment of the Court of Common Pleas of Mahoning County, in which the court found for the defendant The Gulf Insurance Company, and against the plaintiff, Clifford C. Carlile, next friend of Gary Carlile, a minor, aged six.

The question raised and decided in the trial court is stated by the appellant, on behalf of the infant, as follows:

"Where judgment is obtained against the insured driver of a motor vehicle in an amount in excess of the policy limits of the policy applicable to the situation, does the insuring company stand responsible for all interest on the judgment, or only for interest on that part of the judgment which does not exceed the limits of the policy."

A further statement of the nature of the controversy and the facts, so far as material, will follow in this opinion.

In the agreed statement of facts, upon which the case was tried, and the pleadings and other original papers which are now before us in this appeal, it appears that the infant, Gary Carlile, recovered a judgment in the amount of $16,000 against Dorothy K. Vari, growing out of personal injuries received by

him as the proximate result of the negligence of Mrs. Vari in the operation of her automobile on a public highway in the city of Youngstown.

The judgment was entered in the trial court on April 10, 1958; a motion for a new trial was overruled on May 9, 1958; the judgment was affirmed in the Court of Appeals on November 20, 1958; and a motion to certify the record to the Supreme Court of Ohio was disallowed by that court on February 19, 1959.

Thereafter, in February, 1959, The Gulf Insurance Company, which had issued its liability policy to one Albert Vari as the named insured, but which also included Dorothy K. Vari as a person additionally insured, deposited with the clerk of courts of Mahoning County the sum of five thousand two hundred sixty-two dollars and fifty cents ($5,262.50), which it claimed was the limit of its liability, calculated on the basis of five thousand dollars coverage, plus interest on five thousand dollars from the date of the judgment until the time of the deposit with the clerk of courts.

On April 24, 1959, the plaintiff filed a supplemental petition under the provisions of Section 3929.06, Revised Code, to obtain further satisfaction from the insurance company of his prior judgment against the insured. The pleading sought recovery of the sum of five hundred thirty-seven dollars and fifty cents ($537.50), which was claimed as the unpaid balance of the interest on the entire judgment of sixteen thousand dollars ($16,000) from the time that the judgment was entered until the money was deposited with the clerk of courts.

The pertinent language of the insurance contract which must govern this court's decision appears as follows:

"II. Defense, Settlement, Supplementary Payments.

"With respect to such insurance as is afforded by this policy for bodily injury liability, and for property damage liability, the company shall:

"* * *

"(2) Pay all expenses incurred by the company, all costs taxed against the insured in any such suit, and all interest accruing after entry of judgment until the company has paid or tendered or deposited in court such part of such judgment as

does not exceed the limit of the company's liability thereon.''

The litigants further say, in their agreed statement of facts, that:

"The sole issue involved in the supplemental petition is whether or not the Gulf Insurance Company is responsible for interest on the total judgment or on just that part of the judgment for which it is responsible. The policy in effect at the time of the accident is popularly referred to as a five and ten policy; that is to say, the responsibility was limited by contract to five thousand dollars ($5,000) for any one person's injuries arising out of an accident.

"It is agreed that if interest on the entire judgment is the obligation of the Gulf Insurance Company, Central Department, during the appeal and before the deposit, then the Gulf Insurance Company owes a balance of five hundred thirty-seven dollars fifty cents ($537.50). It is further agreed that if the law and the policy require the Gulf Insurance Company to pay interest only on the principal sum of five thousand dollars ($5,000), then plaintiff has no further claim and the petition is to be dismissed. It is further agreed that if the plaintiff prevails for any part of the claim of the supplemental petition, then all additional costs are payable by Gulf Insurance Company, and otherwise the additional costs are not payable by it.''

We first observe that the liability policy before us is one of indemnity, and into it must be read the provisions of Section 3929.06, Revised Code, which permits a person injured by an assured, who is entitled to indemnity under the policy, to have the insurance money, provided for in the contract of insurance between the insurance company and the defendant, applied to the satisfaction of a judgment against the defendant-assured; and that, if the judgment is not satisfied within thirty days after it is rendered, the judgment creditor may file a supplemental petition in the action in which the judgment was rendered and make the insurer a new party. Thereafter, the action shall proceed as to the insurer as an original action.

This section of the Code involves the principle of subrogation, and is made a part of every liability insurance policy in this state. *Hartford Accident & Indemnity Co.* v. *Randall*, 125 Ohio St., 581.

If, in the appeal before us, the claims of the appellant have legal justification, we hold that the action was properly brought.

The insurance policy under inspection is a contract, and the standard of interpretation depends on the character of the contract. We are here dealing with an automobile accident indemnity policy, and we think that a reasonable degree of certainty is attained if words are interpreted according to a standard not necessarily peculiar to the parties, but customary among persons of their kind under the existing circumstances. 3 Williston on Contracts (Rev. Ed.), Section 608.

As we view the language of the contract, we believe that a person purchasing the protection afforded therein would think only that his protection limit was five thousand dollars, plus the payment of ''all expenses incurred by the company,'' all costs taxed against the insured in any lawsuit covered by the policy, and interest accruing on the five-thousand-dollar limitation of the policy after an entry of judgment against him until there had been paid into court such part of ''such judgment [including the interest] as does not exceed the limit of the company's liability thereon''—to wit, five thousand dollars plus interest thereon.

It is highly improbable that the parties to this policy of insurance, while expressly limiting the liability of the company to the principal sum of five thousand dollars, intended to make it liable for interest on an amount greater than the principal sum in the interim between the time of the judgment and the date of payment into court.

It is further observed that the words of the policy are: ''With respect to such insurance as is afforded by this policy for bodily injury liability,'' the company promised to do the various things set forth under paragraph (2), *supra*. The insurance afforded was limited to the principal sum of five thousand dollars, and this policy provision is persuasive when put together and read with the promise to pay interest on ''such part of such judgment as does not exceed the limit of the company's liability thereon.''

While there are court decisions to the contrary in other jurisdictions (no reported case involving the question has been found in Ohio), this court adopts the rule of perhaps the ma-

jority of courts passing upon this question, that a provision in an automobile liability policy, by which the insurer agrees to pay all costs and all interest accruing after entry of judgment until the company has paid, tendered, or deposited in court, such part of the judgment as does not exceed the limit of the company's liability thereon, limits the liability of the insurer, in respect of interest, to interest after judgment upon that part of the judgment for which it is liable, to the exclusion of interest on that part of the judgment which exceeds its liability under the policy.

*Sampson, Trustee,* v. *Century Indemnity Co.,* 8 Cal. (2d), 476, 66 P. (2d), 434, 109 A. L. R., 1162. See also: Annotation in 109 A. L. R., 1167, and cases noted therein. 46 Corpus Juris Secundum, Insurance, Section 1401, at p. 707. 29A American Jurisprudence, Insurance, Section 1593.

A recent decision to the contrary is *United Services Automobile Assn.* v. *Russom,* 241 F. (2d), 296, at p. 303.

*Judgment affirmed.*

Hunsicker and Skeel, JJ., concur.

Doyle, P. J., and Hunsicker, J., of the Ninth Appellate District, and Skeel, J., of the Eighth Appellate District, sitting by designation in the Seventh Appellate District.