Strafford,
No. 5093.

EDITH M. POWELL

*v.*

T. A. & C. TAXI *& a.*

Argued January 2, 1963.
Decided February 21, 1963.

*Fisher, Parsons & Moran* and *Robert A. Temple* (*Mr. Temple* orally), for the plaintiff.

*Charles F. Hartnett* (by brief and orally), for the Travelers Indemnity Company.

KENISON, C. J.   The first and principal question in this case is whether the liability insurer is required to pay interest on the entire judgment of $20,000 or only interest on that part of

the judgment which represents the policy limit of $10,000. There is considerable conflict in the cases elsewhere (Annot. 76 A.L.R. 2d 983; 8 Appleman, Insurance Law & Practice, s. 4899, *pp.* 361, 364 (1962)), and the question has not been resolved in this jurisdiction. See *Lumbermen's &c. Company* v. *McCarthy*, 90 N. H. 320, 323; *Lombard* v. *Company*, 78 N. H. 280. The determination of this question necessarily requires an analysis and examination of the provisions in the insurance policy (*Nichols* v. *U. S. F. & G. Co.*, 13 Wis. 2d 491) as well as a choice of the preferable rule to be followed in this state. See Risjord, Underwriting Intent, 7 Fed. of Ins. Counsel Q. 41; Ramsey, Interest on Judgments under Liability Insurance Policies, Insurance Law Journal 407 (July, 1957). In making this determination we do not take refuge in the hackneyed, make-weight and alternative argument that all insurance policies are to be construed strictly against the insurer and in favor of the insured.

In both the declarations and the conditions of the policy it is stated flatly that the limit of liability for bodily injury liability is $10,000 for one person as the result of any one accident. However in the insuring agreements entitled "II Defense, Settlement, Supplementary Payments" there is a clear ray of light indicating additional benefits. Section (b) (2) thereof reads as follows: "pay all expenses incurred by the company, all costs taxed against the insured in any such suit and all interest accruing after entry of judgment until the company has paid or tendered or deposited in court such part of such judgment as does not exceed the limit of the company's liability thereon."

Several observations may be made concerning section (b) (2) quoted above. First the phrase "all interest" does not connote the thought of some interest, or part of the interest on the judgment but rather all interest on the judgment whatever its amount in relation to the policy limit. *United Services Auto Ass'n* v. *Russom*, 241 F. 2d 296 (5th Cir. 1957). Secondly, it has been established law for a long period of time that the insurer may be obligated to pay costs or interest on judgment recovered against the insured although these items may bring the total payment beyond the limits set in the policy. *Brown* v. *Great American Indemnity Co.*, 298 Mass. 101; *Maryland Casualty Co.* v. *Wilkerson*, 210 F. 2d 245 (4th Cir. 1954). Thirdly, the language used in this section of the policy is consistent with the view that interest on the entire judgment should be allowed.

"The phrase referring to interest uses the term 'judgment' without qualification while in the same clause the phrase limiting the duration of the liability for interest refers to 'such part of the judgment as does not exceed the limit of the company's liability thereon.' Obviously the insurer knew how to qualify the term 'judgment' to achieve the result that it urges. It did not do so." *River Valley Cartage Co.* v. *Hawkeye-Security Ins. Co.,* 17 Ill. 2d 242, 245. Finally, it may be noted that delay which causes interest to run, and the cost thereof should rest on the shoulders of the insurer who has complete control of the litigation and settlement. This responsibility should not be cast on the insured who cannot settle the litigation without releasing the insurer from his obligation. *River Valley Cartage Co.* v. *Hawkeye-Security Ins. Co., supra; Underwood* v. *Buzby,* 236 F. 2d 937 (3rd Cir. 1956).

In considering the supplementary payments which the liability insurer agreed to pay in section 2 of his insuring agreements, there is additional language which supports the' validity of the reasons advanced above. In addition to agreeing to pay the expenses of the liability insurer, costs and interest, it has specifically assumed the following obligation in section 2: "and the amounts so incurred, except settlements of claims and suits, are payable by the company *in addition to the applicable limit of liability* of this policy." (Emphasis supplied). While this clause has not been discussed in the cases extensively, it does serve to strengthen the view that the liability insurer regarded such payment of interest and costs and other expenses as clearly supplementary to the applicable limits of the policy, and without restricting such payments to that part of the judgment that is equal to the policy limit.

The insurer contends that the "great weight of precedent" is that liability is limited to interest on the amount of the policy limit. It is doubtful if there is any great weight of authority supporting this view. Annot. 76 A.L.R. 2d 983, 987; 8 Appleman, Insurance Law and Practice, *s.* 4899, *p.* 364. *Cf. Carlile* v. *Vari,* 113 Ohio App. 233. The view that liability is limited to interest on the amount of the policy limit is generally supported by the older cases. *Sampson* v. *Century Indemnity Co.,* 8 Cal. 2d 476; *Standard Accident Insurance Co.* v. *Winget,* 197 F. 2d 97 (9th Cir. 1952); *Casey-Hedges Co.* v. *Southwestern Surety Co.,* 139 Tenn. 63. Some of the cases cited in support of this view contain

no discussion of why the insurer's liability for interest is restricted to interest on the amount of the policy limit. *Rumford Falls Paper Co.* v. *Fidelity & Cas. Co.*, 92 Me. 574; *Cleghorn* v. *Ocean Accident & Guarantee Corp.*, 244 N. Y. 166. Some of the cases cited in support of this rule such as *Watseka* v. *Bituminous Casualty Corp.*, 347 Ill. App. 149, have been impliedly overruled by later cases in the same jurisdiction. To the extent that there is any modern trend, it is in favor of the rule that the insurer's liability for interest extends to interest on the entire amount of the judgment. *Plasky* v. *Gulf Ins. Co.*, 160 Tex. 612; *River Valley Cartage Co.* v. *Hawkeye-Security Ins. Co.*, 17 Ill. 2d 242; *Highway Casualty Co.* v. *Johnston* (Fla. 1958), 104 So. 2d 734; 2 Richards, Insurance (5th *ed.*) *s.* 283 (1962 supp.). We think the rule which allows interest on the entire amount of the judgment is consistent with the language used in the insurance policy and is not prohibited by public policy or any statutory provision in this state. RSA ch. 268. 6 Blashfield (Part 2) Cyc. Automobile Law & Practice, *ss.* 4105.5 and 4106; Gowan, Provisions of Automobile and Liability Insurance Contracts, 30 Insurance Counsel J. 96, 98 (1963).

The plaintiff contends that the insurer is liable for interest by virtue of RSA 524:1-b (supp); Laws 1957, 201:1; *Pepin* v. *Beaulieu*, 102 N. H. 84. This statute reads as follows: "[New] INTEREST FROM DATE OF WRIT. In any action in which a verdict is rendered or a finding made for pecuniary damages for personal injuries to the plaintiff, or for wrongful death or for consequential damages, or for damage to property, there shall be added by the clerk of court to the amount of damages interest thereon from the date of the writ, even though such interest brings the amount of the verdict or finding beyond the maximum liability imposed by law." Under this statute the plaintiff is entitled to judgment against the defendant which will include interest on the damages (i.e. the verdict) computed by the Clerk of Court from the date of the writ in accordance with the statute. The insurer's undertaking by its policy to pay interest "accruing after entry of judgment" makes it liable to pay interest on the amount of such judgment from the date of the judgment.

The contention that the liability insurer is legally responsible for the payment of the entire $20,000 verdict in addition to costs and interest has not been pressed in oral argument. We find no basis for holding the company liable to this extent and accord-

ingly rule that it is not. On the record before us we are not concerned with an insurer who has refused to settle or is charged with negligence or bad faith in making the settlement. *Dumas v. Company,* 92 N. H. 140; *Douglas* v. *Company,* 81 N. H. 371; Keeton, Liability Insurance and Responsibility for Settlement, 67 Harv. L. Rev. 1136 (1954). Therefore it was liable for the policy limit of $10,000 and costs for both actions which it has paid, plus interest from the date of judgment upon the full amount of the judgment computed in accordance with RSA 524:1-b (supp) which it has not paid.

*Remanded.*

All concurred.