TATE, Judge.
The question before us concerns whether an insurer is liable for legal interest upon principal amounts in excess of the policy limits for which the insured’s estate was held liable to the injured plaintiffs. The plaintiffs appeal from judgment holding the insurer free of liability for interest on the excess.
Based upon the negligence of the insured, the plaintiffs recovered judgment for their personal injuries in this suit by them against both the insured’s estate and the insurer. The plaintiffs were awarded judgment in excess of the policy limits.
The policy issued by the defendant State Farm afforded standard liability coverage with limits of $10,000 per person and $20,-000 per accident. Additionally, as a “supplemental payments” agreement, the insurer agreed:
“To pay, in addition to the applicable limits of liability: * * * all interest *418 on the entire amount of any judgment therein which accrues after entry of the judgment and before the company has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the company’s liability thereon.”
The various jurisdictions are divided upon whether under this or a similar provision an insurer is liable for interest on the excess of a judgment over its policy limits. Annotation, Liability insurer’s liability for interest and costs on excess of judgment over policy limit, 76 A.L.R.2d 983; 8 Appleman, Insurance Law and Practice (1962 revision), Section 4899, p. 361; 6 Blashfield, Cyclopedia of Automobile Law and Practice (1945), Sections 4105.5 (p. 176), 4106 (p. 177); 7 Am.Jur.2d “Automobile Insurance”, Section 197, p. 539. However, some of the more recent cases hold that such a policy provision should be construed so as to hold the insurer liable for interest on the excess between the rendition of the judgment and the insurer’s payment or tender of that part of the judgment which represents the company’s policy limits. Appleman, cited above; Powell v. T. A. & C. Taxi, Inc., 104 N.H. 428, 188 A.2d 654 (1963), and the law review treatments cited therein. See also Hobbs v. Employers Liability Assur. Corp., La.App.Orl., 188 So. 748, interpreting Lowery v. Zorn, 184 La. 1054, 168 So. 297 to this effect. Contra: James v. State, La.App. 4 Cir., 154 So.2d 497.
It is reasoned as follows in the jurisdictions which so interpret this policy provision: By this supplemental agreement, the insurer has agreed to pay in addition to policy limits “all interest on the entire amount of any judgment”, between the time of its rendition and the time that the insurer finally pays or tenders into court “that part of the judgment” which represents its policy limits. The cases so holding in general agree that the reason for the provision is to prevent the insured from being prejudiced by the delay in payment of the judgment, which delay is solely within the control of the insurer. See 8 Appleman 364.
In the case now before us, however, this reasoning is not applicable. For, in the present case, the insurer had unconditionally deposited its full policy limits in the registry of the court prior to judicial demand (as authorized by our statutory concursus proceedings, LSA-C.C.P. Art. 4651, especially Arts. 4652, 4658). Thus, long before entry of the judgment in favor of the plaintiffs, the defendant had already unconditionally tendered “that part of the judgment” not exceeding its policy limits for which alone the insurance company itself was liable in principal.
Under the literal terms of the policy provision the plaintiffs rely upon, therefore, the company did not become liable for interest, because there was no delay period between the rendition of the judgment and the company’s payment of “that part of the judgment” for which the company itself was liable up to its policy limits. Further, the reason for the provision — to prevent the insurance company from prejudicing its policy-holder by delaying payment of the judgment — does not exist under circumstances where the company has unconditionally paid its policy limits prior to suit by the injured persons.
The plaintiffs also rely upon Louisiana jurisprudence which holds that a liability insurer is liable for interest from date of demand on amounts awarded up to policy limits, even though provisions of the policy attempt to limit the insurer’s liability to interest from date of judgment. Soprano v. State Farm Mut. Auto. Ins. Co., 246 La. 524, 165 So.2d 308; LeBlanc v. New Amsterdam Cas. Co., 202 La. 857, 13 So.2d 245. The basis of these decisions is that such policy provisions must yield to the Louisiana enactment providing that legal interest in tort actions shall attach from date of demand, LSA-R.S. 13:-4203. Such jurisprudence might possibly support an argument that the insurer is liable for interest upon the entire amount of *419 the ultimate judgment, from date of demand up until the time of its unconditional tender or payment of policy limits; but it has no application here, where, prior to judicial demand, the insurer unconditionally tendered into court its full policy limits.
Thus, we can find no basis, either in the Louisiana statutory law or in the provisions of the policy itself, for any liability of the insurer for interest on the amounts which were awarded in excess of the policy limits, where, as here, the insurer had unconditionally paid its full policy limits prior to judicial demand. We think therefore that the trial court correctly dismissed the plaintiffs’ demand that the defendant insurer be held liable for legal interest upon the amounts awarded by the judgment in excess of the previously-paid policy limits
For the foregoing reasons, we affirm the judgment of the trial court. The plaintiffs-appellants are assessed with the costs of this appeal.
Affirmed.