COVENTRY, APPELLANT, v. STEVE KOREN, INC., ET AL., APPELLEES.

[Cite as Coventry v. Steve Koren, Inc., 1 Ohio App. 2d 385.]

386

(No. 27017—Decided February 25, 1965.)

*Mr. Frank Leonetti*, for appellant.
*Mr. James A. Chiara*, for appellees.

ARTL, J. This is an appeal on questions of law from a judgment rendered by the Court of Common Pleas of Cuyahoga County sustaining a motion for summary judgment by new party defendant, The Buckeye Union Casualty Company.

In the trial below, plaintiff, appellant herein, recovered a jury verdict against Steve Koren, Inc., and pursuant to statute, on May 28, 1963, being more than thirty days after the judgment became final, plaintiff filed a supplemental petition making The Buckeye Union Casualty Company a new party defendant.

On April 3, 1964, plaintiff filed her motion for summary judgment. On April 6, 1964, the new party defendant filed its motion for summary judgment. The parties in their respective motions agreed that there was no genuine issue as to any material fact to be tried, and each party claimed that it was entitled to a judgment as a matter of law. Each motion was supported by affidavit.

From an examination of the plaintiff's supplemental petition, the second amended answer of the new party defendant, the respective motions and affidavits of the parties, the following are admitted facts emerging therefrom:

Plaintiff recovered a jury verdict against defendant Steve Koren, Inc., in the sum of $60,000, and judgment thereon was entered on September 21, 1962. The defendant Steve Koren, Inc., unsuccessfully pursued its right to appeal to the Court of Appeals and the Supreme Court.

It is further admitted that the new party defendant, The Buckeye Union Casualty Company, issued its Owners', Landlords' and Tenants' Liability Policy to Steven Koren, Inc. This policy of insurance had limits of $10,000 to $20,000; $10,000

for each person, and $20,000 for one accident. The foregoing amounts are set forth in the policy of insurance under Coverage A, Bodily Injury Liability.

In addition to the foregoing limits of liability spelled out in the policy in Item 3, the new party defendant, The Buckeye Union Casualty Company, under Section II of the Insuring Agreements, agreed to make additional payments. This portion of the policy of insurance reads as follows:

"DEFENSE, SETTLEMENT, SUPPLEMENTARY PAYMENTS:

"With respect to such insurance as is afforded by this policy for bodily injury liability and for property damage liability, the company shall:

"(a) defend any suit against the insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the company may make such investigation, negotiation and settlement of any claim or suit, as it deems expedient;

"(b) (1) pay all premiums on bonds to release attachments for an amount not in excess of the applicable limit of liability of this policy, all premiums on appeal bonds required in any such defended suit, but without any obligation to apply for or furnish any such bonds;

"(2) pay all expenses incurred by the company, all costs taxed against the insured in any such suit and all interest accruing after entry of judgment until the company has paid or tendered or deposited in court such part of such judgment as does not exceed the limit of the company's liability thereon;

"(3) pay expenses incurred by the insured for such immediate medical and surgical relief to others as shall be imperative at the time of the accident;

"(4) reimburse the insured for all reasonable expenses, other than loss of earnings, incurred at the company's request;

"and the amounts so incurred, except settlements of claims and suits, are payable by the company in addition to the applicable limit of liability of this policy."

It is undisputed that the new party defendant, The Buckeye Union Casualty Company, controlled the litigation from beginning to end, and its insured, Steve Koren, Inc., was compelled, under the terms of its contract of insurance, to comply with all the new party defendant's wishes, and the decisions as to

whether to appeal or not to appeal were made by The Buckeye Union Casualty Company.

It is further admitted that the new party defendant on or about March 20, 1964, paid into the Clerk of Court of Common Pleas of Cuyahoga County the sum of $10,900, representing the $10,000 on the principal amount of its liability under such judgment and contract of insurance, and, in addition, $900 as interest thereon at the rate of six per cent per annum for a total of eighteen months from September 21, 1962, up to and including March 21, 1964, together with other costs.

It is further admitted that the interest on the full amount of the judgment of $60,000 on March 20, 1964, would amount to $5,400.

It is the plaintiff's position that the new defendant, The Buckeye Union Casualty Company, was obligated to pay interest on the full amount of the judgment up to March 20, 1964, in the sum of $5,400 under the provisions and terms of its contract of insurance.

The new party defendant, The Buckeye Union Casualty Company, having paid into court the sum of $10,900, being its liability limit plus interest in the sum of $900, is, however, contending that it has fully complied with its contractual obligation and is entitled to a judgment as a matter of law.

On May 11, 1964, the trial court ordered and adjudged that plaintiff's motion for summary judgment be overruled and that judgment be entered in favor of the new party defendant, The Buckeye Union Casualty Company, on its motion for summary judgment, on the supplemental petition and that it may recover its costs on such supplemental petition. It is from this judgment that plaintiff appeals.

The question which we are called upon to determine is as follows: Is the new party defendant, The Buckeye Union Casualty Company, obligated under the terms of its contract of insurance to pay all interest accruing after entry of judgment on the full sum thereof until the company has paid or tendered or deposited in court such part of such judgment as does not exceed the limit of the company's liability thereon, or, to put it in another way, is the insurer obligated to pay interest on any part of the judgment which exceeds the policy limits?

In its argument the new party defendant recognizes that

the authorities in the various jurisdictions throughout the United States are divided on this subject. But it bases its argument most strenuously on the case of *Carlile, a Minor,* v. *Vari,* 113 Ohio App. 233, which follows the rule that the standard interest clause must be construed as creating a liability for interest only on that part of the judgment for which the insurer is responsible, so as to render the liability for interest only on that amount of its total liability as designated by the applicable limit in the policy from the date of judgment until the policy limit, together with interest thereon, has been tendered, offered or paid.

In asserting her right to the interest on the entire judgment, plaintiff cites in support thereof the cases of *Kraynick* v. *Nationwide Ins. Co.* (1963), 80 N. J. Super. 296, 193 A. 2d, 419, and *Powell* v. *T. A. & C. Taxi, Inc.* (1963), 104 N. H. 428, 188 A. 2d, 654.

In the first of these two cases, the plaintiff therein had recovered a judgment against the insured in a sum far in excess of its policy limits of $10,000 and $20,000. The judgment was originally entered on December 9, 1959. The sole issue before the court as stated in its opinion is whether plaintiff is entitled to interest upon the entire judgment originally entered in favor of Kraynick on December 9, 1959, in the sum of $62,000.

The plaintiff in that case, on page 298, cited a review of the subject found in Ramsey, "Interest on Judgments Under Liability Insurance Policies," *Insurance Law Journal, No.* 414, *pp.* 407, 411 (July 1957), where it was stated that:

" 'The new family combination automobile policy, issued by The National Bureau of Casualty Underwriters, now provides with reference to this question that the insurance company is required to pay:

" ' "* * * all interest on the entire amount of any judgment therein which accrues after entry of the judgment and before the company has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the company's liability thereon."

" 'The National Bureau of Casualty Underwriters has also issued a directory to its member companies reading:

" ' "Several court cases have held that an insurer's obligation to pay interest extends only to that part of the judg-

ment for which the insurer is liable. The respective rating committees have agreed that this is contrary to the intent. As a result, the wording with respect to payment of interest in the new Family Automobile Policy has been restated, in order that it be entirely clear that all interest on the entire amount of any judgment, which accrues after entry of the judgment, is payable by the insurer until the insurer has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the insurer's liability thereon.

" ' "All Automobile and General Liability policies will be changed accordingly upon revision. In the meantime they should be interpreted in keeping with the above intent." ' "

It should be noted that the provision dealing with interest in the *Kraynick case* is identical with the language in the instant case. The court in the *Kraynick case* referred to and considered the decision in *Powell* v. *T. A. & C. Taxi, Inc.* (1963), 104 N. H. 428, 188 A. 2d 654, and on page 299 quotes several pertinent parts of that opinion:

"* * * In that case the court held that under the automobile liability policy limiting liability for injury to one person to $10,000 and obligating the insurer to pay all expenses incurred by the insurer, all costs taxed against the insured, and all interest accruing after entry of judgment until the insurer paid or deposited in court such part of judgment as did not exceed limits of its liability, the insurer was obligated to pay interest on the entire amount of a $20,000 judgment and not interest just on that part of the judgment which represented the policy limit of $10,000. The court said:

" ' "* * * it has been established law for a long period of time that the insurer may be obligated to pay costs or interest on judgment recovered against the insured although these items may bring the total payment beyond the limits set in the policy, *Brown* v. *Great American Indemnity Co.*, 298 Mass. 101, 9 N. E. 2d 547, iii A. L. R. 1065; *Maryland Casualty Co.* v. *Wilkerson*, 210 F. 2d 245 (4th Cir. 1954). * * * (I)t may be noted that delay which causes interest to run, and the cost thereof should rest on the shoulders of the insurer who has complete control of the litigation and settlement. This responsibility should not be cast on the insured who cannot settle the litigation without releasing the insurer from his obligation. *River*

*Valley Cartage, Inc.*, v. *Hawkeye-Security Ins. Co.*, *supra*, 17 Ill. 2d 242, 161 N. E. 2d 101, 76 A. L. R. 2d 978, *Underwood* v. *Busby*, 236 F. 2d 937 (3rd Cir. 1956).' (at pp. 655 and 656)

"That court added:

" 'To the extent that there is any modern trend, it is in favor of the rule that the insurer's liability for interest extends to interest on the entire amount of the judgment. *Plasky* v. *Gulf Ins. Co.* (1960), 160 Tex. 612, 335 S. W. 2d 581, *River Valley Cartage, Inc.*, v. *Hawkeye-Security Ins. Co.*, 17 Ill. 2d 242, 161 N. E. 2d 101, 76 A. L. R. 2d 978; *Highway Casualty Co.* v. *Johnston* (1958 Fla.), 104 So. 2d 734; 2 *Richards, Insurance* (5th ed.) *s*. 293 (1962 supp.).' "

We have noted that the case of *Carlile* v. *Vari*, 113 Ohio App. 233, upon which the appellee relies was decided February 28, 1961. If the court in its study of the problem, identical with ours, had before it for consideration any citation to the subject discussed in Ramsey, "Interest on Judgment Under Liability Policies," *supra*, the opinion is devoid of any reference thereto, although the article of Ramsey was published in July, 1957.

The opinion in the *Carlile case* is predicated upon a rule of interpretation found in 3 Williston on Contracts (Rev. Ed.), Section 608. In its analysis the court said on page 236:

"The insurance policy under inspection is a contract, and the standard of interpretation depends on the character of the contract. We are here dealing with an automobile accident indemnity policy, and we think that a reasonable degree of certainty is attained if words are interpreted according to a standard not necessarily peculiar to the parties, but customary among persons of their kind under the existing circumstances. 3 Williston on Contracts (Rev. Ed.), Section 608.

"As we view the language of the contract, we believe that a person purchasing the protection afforded therein would think only that his protection limit was five thousand dollars, plus the payment of 'all expenses incurred by the company,' all costs taxed against the insured in any lawsuit covered by the policy, and interest accruing on the five thousand-dollar limitation of the policy after an entry of judgment against him until there has been paid into court such part of 'such judgment [including the interest] as does not exceed the limit of

the company's liability thereon'—to wit, five thousand dollars plus interest thereon.''

On the other hand, it is just as conceivable that a purchaser of a liability policy calls his agent, tells him he wants a policy of coverage within certain limits, and the policy is issued. The purchaser is not particularly concerned with all the terms and conditions set forth in his policy nor is he familiar with them.

The court, in *Carlile*, then proceeds to make what we regard as a significant statement. It says on page 236:

''It is highly improbable that the parties to this policy of insurance, while expressly limiting the liability of the com-- pany to the principal sum of five thousand dollars, intended to make it liable for interest on an amount greater than the principal sum in the interim between the time of the judgment and the date of payment into court.''

In spite of the statement just quoted, in the light of the contents of the Ramsey article above quoted, we can come to but one conclusion, and that is, that the insurance industry regarded the language under consideration as being intended to do what the plaintiff is contending for—that the insurer is liable for interest on the full amount of the judgment irrespective of the limits of liability under the policy.

In its opinion in the *Carlile case, supra,* the court cites the case of *United Services Automobile Assn.* v. *Russom,* 241 F. 2d 296, at page 303, as being a decision contrary to its opinion.

We believe that the rule laid down in the *Kraynick case* and the *Powell case, supra,* is sound in view of the interpretation placed upon the clause in question by the insurance industry and conclude, and therefore hold, that the court erred in sustaining the motion for summary judgment by the new party defendant.

Accordingly, the judgment of the Court of Common Pleas is reversed as contrary to law, and the cause is remanded with instructions to overrule the motion of the new party defendant and to sustain the motion of plaintiff, and to enter judgment thereon in her favor in the sum of $4,500, interest and costs.

We likewise determine that the decision herein announced is in conflict with the decision in the case of *Carlile, a Minor,* v.

*Vari,* 113 Ohio App., 233, and we therefore certify same to the Supreme Court.

*Judgment reversed.*

KOVACHY, P. J., and SILBERT, J., concur.