186 So.2d 328 (1966)
Cora Lee DOTY, Plaintiff-Appellant,
v.
CENTRAL MUTUAL INSURANCE COMPANY et al., Defendants-Appellees.
No. 1701.
Court of Appeal of Louisiana, Third Circuit.
April 27, 1966.
Rehearing Denied May 25, 1966.
Writ Refused June 23, 1966.
*329 LeBlanc & Boudreau, by Edward F. LeBlanc, Abbeville, for plaintiff-appellant.
Mouton, Champagne & Colomb, by George J. Champagne, Jr., Lafayette, for defendant-appellee.
Pugh & Boudreaux, by Charles J. Boudreaux, Lafayette, for defendant-appellee.
Before TATE, SAVOY and CULPEPPER, JJ.
SAVOY, Judge.
This is an action in tort instituted by the plaintiff, as a guest passenger in a vehicle driven by Arnel C. Beavers, resulting from injuries received by her following an accident which occurred on August 10, 1959, between the Beavers vehicle and another automobile. Made defendants were Arnel C. Beavers and his insurer, Central Mutual Insurance Company.
Central Mutual filed a motion for a summary judgment which was overruled by the trial judge.
Central Mutual then filed an answer denying liability under the policy of insurance issued by it, particularly in Exclusion (b) which reads as follows:
"Exclusions: This policy does not apply under Part I:

* * * * * *
"(b) to bodily injury or property damage caused intentionally by or at the direction of the insured;"
Counsel for Central Mutual also filed an answer on behalf of Beavers generally denying all of the allegations of plaintiff's petition.
On exceptions of vagueness plaintiff filed a supplemental petition alleging certain medical expenses incurred as a result of the accident of August 10, 1959.
Denials were filed by both defendants. Shortly before the trial Beavers employed counsel of his own choosing. His counsel filed a supplemental answer.
After a trial on the merits the district judge held that since the accident and resulting injuries to plaintiff were due to the *330 intentional acts of defendant Beavers, the exclusion (b) in Central's policy was a valid defense as to the claim of plaintiff against it. Judgment was rendered against Beavers in the sum of $25,000.00. The trial judge rendered judgment against Central for $1,000.00, penalties and attorney's fees under the medical provisions of the policy. He found Central arbitrary in not making the medical payments to plaintiff as provided in the policy, this being his reason for allowing plaintiff statutory penalties and attorney's fees.
From the judgment of the district court plaintiff appealed. Central answered the appeal, praying that the judgment of the district court be reversed insofar as it was condemned to pay to plaintiff $1,000.00 plus penalties and attorney's fees under the medical clause of the policy issued by it to Beavers.
Beavers answered the appeal asking for a reversal of the trial court's judgment. Alternatively, he asks that if liability is found on his part, that there be an insolido judgment against him and Central.
It might be noted that the policy issued by Central to Beavers has a $10,000/$20,000 liability limit.
Alleging certain additional defenses against plaintiff's suit, at the trial of the case the attorney for Beavers attempted to file a second supplemental answer wherein he alleged that Central was estopped from and had waived its right to any special defenses under the policy issued to him. That prior to the instant trial, he had filed a suit against Central in Harris County, Texas for property damages and medical expenses which he had incurred in the accident in the instant case. That these items had been paid by Central, and he was led to believe that they would not set up a special defense of non-coverage in the instant case. The trial judge did not allow the amendment.
The record reveals that shortly after the accident the plaintiff was confined to a hospital in New Iberia, Louisiana; that because of the accident, she suffered serious physical injuries. This is evident by the fact that none of the parties in the litigation complain of the $25,000.00 award made to plaintiff by the trial judge. Shortly after the accident an adjuster for Central visited plaintiff with the view of obtaining a statement concerning the accident. She was in no physical condition to be interviewed. Several days later the adjuster, a deputy Clerk of Court of Iberia, Louisiana, a Court reporter, and counsel for Central visited plaintiff in her hospital room in New Iberia, Louisiana, and questioned her under oath about the accident. The reporter took the notes, and after these were completed, the parties again visited the hospital room of plaintiff, and the notes which had been transcribed were read to her. She signed the document in which she made what the district judge considered the crucial statement, namely, that prior to the accident, which occurred at night, she was a guest passenger in the automobile owned and driven by Beavers; that she and Beavers had an argument and that just prior to the collision Beavers told plaintiff, "I ought to run into that car and kill you." The evidence reveals that there was a parked car, with its tail lights on, facing the Beavers car but being on the same side of the highway as the Beavers car.
Prior depositions of Beavers were introduced on the motion for summary judgment. These depositions were taken in the Harris County, Texas suit against Central for property damages to his car and for medical payments. In these depositions Beavers denied that he had made the statement attributed to him by plaintiff, that he ought to kill her. At the trial in the instant case, Beavers again denied the statement. At the trial of the instant case, plaintiff stated she could not remember the previous statements she had made; that since the accident she was very nervous and under the care of physicians.
The trial judge concluded Beavers had made the statement "I ought to run into that car and kill you."
*331 Counsel for defendant, Central Mutual, states that the policy in the instant case was issued in Texas to a Texas resident, and, accordingly, the laws of that state should govern the instant case. As a basis for denying recovery, he cites the cases of County Gas Co. v. General Accident Fire & Life Assurance Corporation, 56 S.W.2d 1088, (Court of Civil Appeals of Texas, 1933), and Travelers Insurance Company v. Reed Company, 135 S.W.2d 611, (Court of Civil Appeals of Texas, 1939). It is unnecessary for us to consider whether the Texas law governs since we find that the above cited cases are distinguishable from the instant case.
The defense of Central Mutual is a very technical one, and the general rule is that insurance policies are for the benefit of the public generally rather than for the protection of the insurer and the insured.
The defense of Central is also a special one and an affirmative one. Under the provisions of LSA-C.C.P. Article 1005, it must be established by a preponderance of the evidence.
We only have the statement of plaintiff that Beavers said to her, "I ought to run into that car and kill you."
It is difficult for this Court to conceive that Beavers intended to do bodily harm to himself, for if he wanted to kill plaintiff, he would necessarily risk his own life. It is human instinct to preserve one's life.
We conclude that the statement made by plaintiff is not sufficient under the circumstances of this case to bar her recovery from Central Mutual, and we hold that the exclusion clause in the policy is not applicable to the instant case.
In answer to the appeal Central Mutual contends that the district judge should not have awarded plaintiff the sum of $1,000.00 medical payments under the policy together with penalties and attorney's fees. We agree with the ruling of the trial judge that defendant, Central Mutual, acted arbitrarily in not making the maximum medical payments provided under the policy, namely, $1,000.00, and that he also correctly ruled that plaintiff was entitled to statutory penalties and attorney's fees.
For the reasons assigned the judgment of the district court is affirmed insofar as it awards plaintiff medical payments of $1,000.00, penalties and attorney's fees; and is reversed insofar as it relieves Central Mutual Insurance Company from liability for personal injuries in the instant case. Judgment is hereby rendered in favor of plaintiff, Cora Lee Doty, and against Central Mutual Insurance Company and Arnel C. Beavers, in solido, in the full sum of $25,000.00, with interest from judicial demand at the rate of 5% per annum until paid, and all costs of these proceedings (with the company's liability being limited to its policy limits of $10,000.00, together with all costs and all legal interest on the entire amount of the judgment until paid.)
Affirmed in part, reversed in part and rendered.
TATE, J., assigns additional concurring reasons.
TATE, Judge (concurring).
The writer concurs with the majority, but he desires to discuss briefly the defendant-appellee's contention that the insurance policy in the instant case, issued in Texas, must inexorably be governed by the law of the place of issuance, namely, Texas.
Beavers, the insured (who is also a codefendant, the driver in the present accident) was a resident of Texas. However, at the time of the accident, he had been working in Louisiana for over five months, going home to Texas only on weekends. The evidence indicates that in general he was an itinerant iron-worker who worked from job-site to job-site at various locations in Texas as well as in other states.
*332 Under Article 10 of our Civil Code, the form and effect of contracts are governed by the law of the place where executed, except that "the effect of acts passed in one country to have effect in another country, is regulated by the laws of the country where the laws are to have effect." This is in fact probably the majority rule in American jurisdictions. See Tentative Draft No. 6 (April 22, 1960), Restatement of the Law Second, Conflict of Laws, Comment to Section 332b "Law Governing in Absence of an Effective Parties' Choice".
The modern rule thus is, not that the law of the place of contracting always governs, but more to the effect as stated at Section 346i, "Contracts of Fire, Surety or Casualty Insurance" of the above-cited Tentative Draft:
"(1) Except as stated in Subsection (2), the validity of a contract of fire, surety or casualty insurance and the rights created thereby are determined, except as to minute details of performance, by the local law of the state which the parties understood was to be the principal location of the insured risk during the term of the policy.
"(2) If the contacts which the contract has with another state are sufficient to establish a more significant relationship between the contract and the other state, the local law of the other state will govern."
As the Comment to this section indicates, the law of the place where the accident occurs may be the most significant relationship determining which state's law to apply where the insured vehicle has been maintained for significant periods in each of several states. See also Ehrenzweig on Conflict of Laws, Section 186b, pp. 493-494 (1962); but cf., Leflar, Conflict of Laws, Section 132, p. 249 (1959).
Actually, when as here an accident occurs in Louisiana, in an automobile which has been maintained and operated in this state for a substantial period of time, and when the suit is brought in a Louisiana court by a Louisiana domicilliary to recover for personal injuries, the governmental interest of Louisiana in the application of its own law rather than that of another jurisdiction is, in the view of some authorities, itself a sufficient reason for the application of Louisiana law rather than that of another state. See Univeral C. I. T. Credit Corporation v. Hulett, La.App. 3 Cir., 151 So.2d 705. Furthermore, in the interpretation of a standard insurance clause issued to cover automobiles for travel throughout the United States, it seems to me that any state in which suit upon the policy is brought, and which is substantially connected with the cause of action, should be free to apply its own settled interpretation of such standard clause rather than being required to attempt to ascertain some other state's interpretation (unless, of course, the parties explicitly and clearly intended that the judicial interpretation of the courts of such other connected-state should solely apply, wherever the accident occurs or wherever suit is brought).
In the present case, however, it is immaterial whether Texas or Louisiana law applies. The same result is reached in either event. Neverthless, because in another instance the choice of which jurisdiction's law should apply may produce differing results, the writer by the foregoing remarks wishes to indicate his provisional belief that the law of Louisiana rather than Texas should apply under circumstances similar to the present.

On Application for Rehearing
EN BANC.
PER CURIAM.
The defendant-appellee, Central Mutual, has applied for rehearing. Our original opinion has disposed of most of the contentions raised. Others were not discussed since not mentioned or seriously relied upon by Central Mutual in its brief and argument at the time the appeal was submitted *333 to this Court for decision, such as that involved in Central Mutual's complaint that this Court failed to consider its alternative defenses of assumption of risk and contributory negligence on the part of Cora Lee Doty. (As the trial court noted, Tr. 258-259, the indicated alternative defenses are without factual foundation in the evidence.)
We do find however, that Central Mutual's application for rehearing has raised three contentions concerning the award of legal interest, not previously seriously urged or expressly considered, which should be discussed or which require minor amendment of our original decree, as follows:

1.
When $1,000.00 medical expenses were awarded under the medical payments provision of Central Mutual's policy, the trial court awarded legal interest upon this amount from the date of the accident (August 10, 1959). No authority is cited in support of this apparently inadvertent award of interest dating from before medical expenses were incurred or demand was made for their payment. In Louisiana, "All debts bear interest at the rate of five per centum per annum from the time they become due, unless otherwise stipulated." LSA-Civil Code Article 1938 (Italics ours); Comment, The Running of Legal Interest in Louisiana, 6 Tul.L.Rev. 614 (1932). In the absence of a showing that the medical expenses became due sooner by reason of a prior demand or otherwise, the decree will be amended so as to provide that this amount bears interest from the date of judicial demand therefor (August 1, 1960).

2.
Legal interest from date of judicial demand was awarded on the awards of (a) the 12% penalties on the unpaid $1,000.00 medical expenses owed by Central Mutual by reason of its policy contractual obligation, and on (b) the $250.00 penalty attorney's fees stemming from this insurer's arbitrary and unjustified failure to pay or to tender same after suit was filed specifically demanding (Article XII), inter alia, payment of these policy benefits undoubtedly due. These amounts were awarded by reason of LSA-R.S. 22:658, which provides that for arbitrary non-payment of claims due, the insurer must pay "12% damages on the total amount of the loss * * * together with all reasonable attorney's fees * * *." The 12% penalties are to be calculated upon the principal alone, not including legal interest due thereupon for non-payment. Marine Bank & Trust Co. v. Home Ins. Co., 170 La. 193, 127 So. 598; Chambers v. North British & Mercantile Ins. Co., La.App., 1 Cir., 175 So. 95.
As to allowing legal interest upon the unpaid penalties and penalty attorney's fees themselves, however, we note the several decisions which, without discussion, have allowed such interest, and the several decisions which, without discussion, have not; nevertheless, in Roberts v. Houston Fire & Casualty Co., La.App., 3 Cir., 168 So.2d 457 (1964), this Court, noting the confusion and lack of discussion in the jurisprudence as to this question, expressly held that legal interest should be allowed upon statutory penalties and penalty attorney's fees from date of judicial demand, such apparently being regarded as due when the insurer, by its arbitrary behaviour, has compelled the beneficiary to file suit to recover the benefits arbitrarily withheld.

3.
Finally, Central Mutual complains of our assessment of legal interest from judicial demand until paid, not only upon its $10,000.00 policy limits for which cast, but also upon the $25,000.00 judgment for which its insured (Beavers) was cast, the payment of interest upon the full amount of the judgment to end with Central Mutual's payment of its policy limits for which cast.
The defendant insurer is liable for interest upon the entire amount of the judgment *334 for which its insured is cast, not only its policy limits, by virtue of its agreement to pay such interest contained in the policy issued by Central Mutual to Beavers to cover certain of his liabilities arising out of any accident. By its "Supplementary Payments" clause in the policy issued to Beavers, the insurer Central Mutual expressly agreed, Tr. 223:
"To pay, in addition to the applicable limits of liability: * * * all interest on the entire amount of any judgment therein which accrues after entry of the judgment and before the company has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the company's liability thereon." (Italics ours.)
In the earlier jurisprudence there was a division in the holdings of American jurisdictions, partially explainable by the wordings of the clauses concerned; however, even in the application of the earlier and less explicit form of the supplementary agreement (merely requiring payment of "all interest accruing after entry of judgment * * * until the company has paid such part of such judgment" as represents policy limits), the clear weight of almost all recently decided decisions from other jurisdictions holds that the insurer must pay interest upon the entire amount of the judgment until such time as it pays or tenders its policy limits. 8 Appleman, Insurance Law and Practice, Section 4899 (1962); Annotation, Liability insurer's liability for interest and costs on excess of judgment over policy limit, 76 ALR 2d 983, supplemented in 6 Later Case Service.
See: Coventry v. Steve Koren, Inc., 4 Ohio St.2d 24, 211 N.E.2d 833 (1965), affirming 1 Ohio App.2d 385, 205 N.E.2d 18 (1965) and overruling Carlile v. Vari, 113 Ohio App. 233, 177 N.E.2d 694 (1961); Powell v. T. A. & C. Taxi, Inc., 104 N.H. 428, 188 A.2d 654 (1963) (discussing jurisprudence on question); Southern Farm Bureau Cas. Ins. Co. v. Robinson, 236 Ark. 268, 365 S.W.2d 454 (1963); Plasky v. Gulf Ins. Co. 160 Tex. 612, 335 S.W.2d 581 (1960); River Valley Cartage Co. v. Hawkeye-Security Ins. Co., 17 Ill.2d 242, 161 N.E. 2d 101, 76 A.L.R.2d 978 (1959) (overruling earlier Illinois decision to the contrary); Highway Casualty Co. v. Johnston, Fla., 104 So.2d 734 (1958); Kraynick v. Nationwide Ins. Co., 80 N.J.Super. 296, 193 A.2d 419 (1963). Contra: Nichols v. United States Fidelity & Guaranty Co. 13 Wis.2d 491, 109 N.W.2d 131 (1961); Crook v. State Farm Mut. Auto. Ins. Co., 235 S.C. 452, 112 S.E.2d 241 (1960).
The cases so holding in general agree that the reason for the provision is to prevent the insured from being prejudiced by the delay in payment of the judgment, which delay is solely within the control of the insurer. As stated at 8 Appleman, cited above: "This would appear to be the only fair result, inasmuch as the insurer has control of the litigation, and can make its election to appeal irrespective of the insured's desires in the matter. It seems fair to compel the insurer to pay all the interest which accrues pending an appeal, even though the judgment is in excess of the policy limits, for the reason that the insured might desire to pay the excess judgment and thus prevent the running of interest, but the insurer's control of the litigation would prevent him from doing so." P. 364.
In Louisiana, our Supreme Court has held that the insurer is liable for legal interest on the entire amount of the judgment, including that in excess of policy limits, until the policy limits are paid. Lowery v. Zorn, 184 La. 1054, 168 So. 297 (1936); followed, Hobbs v. Employers' Liability Assur. Corp., 188 So. 748, (La.App., 1939). See also Terro v. State Farm Mutual Automobile Ins. Co., 169 So.2d 417 (La.App., 1964).
Nevertheless, our brothers of the Fourth Circuit reached a contrary conclusion in the recent decision of James v. State, 154 So.2d 497 (La.App., 1963). Even if correctly decided, this case is distinguishable *335 from the present; it concerned the interpretation of the supplemental payments clause in its now-superseded form, whereby the insurer merely agreed to pay "all interest accruing after entry of judgment" until payment or tender of policy limits, without (as now) expressly stating that this includes all interest upon the entire amount of the judgment.
In the present instance, by the literal terms of the policy provision insuring Beavers, Central Mutual expressly agreed to pay in addition to policy limits "all interest on the entire amount of any judgment" between its rendition and the insurer's subsequent payment or tender of "that part of the judgment" for which the company was liable under its policy limits.
This change in wording in the supplementary payments clause now included in the standard automobile liability policy was deliberately designed to include the coverage more favorable to the insured as accorded by the construction given by the great preponderance of the more recent decisions. In announcing the change of wording, on behalf of the National Bureau of Casualty Underwriters, it was stated: "Several court cases have held that an insurer's obligation to pay interest extends only to that part of the judgment for which the insurer is liable. The respective rating committees have agreed that this is contrary to the intent. As a result, the wording with respect to payment of interest in the new Family Automobile Policy has been restated, in order that it be entirely clear that all interest on the entire amount of any judgment, which accrues after entry of the judgment, is payable by the insurer until the insurer has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the insurer's liability thereon." Ramsey, Interest on Judgments under Liability Insurance Policies, Insurance Law Journal No. 414 (July, 1957), 407 at p. 411.
It is thus clear that the defendant Central Mutual is liable for interest upon the entire amount of the judgment, not just its policy limits, until such policy limits, interest to date, and costs are paid or tendered by it.
The policy provision itself provides that such interest shall run only from "entry of judgment" until paid. In part relying upon the provision of LSA-R.S. 22:655 that Louisiana-connected policies may not contain provisions "in violation of the laws of this State", our Supreme Court has held that the policy provision limiting interest from date of entry of judgment must fall as in contravention of a Louisiana statute (LSA-R.S. 13:4203) which provides that on tort judgments (such as the present insofar as the award for personal injuries) interest shall attach from date of judicial demand. Soprano v. State Farm Mutual Automobile Ins. Co., 246 La. 524, 165 So.2d 308 (1964); Le Blanc v. New Amsterdam Casualty Co., 202 La. 857, 13 So.2d 245 (1943). See Soprano, supra, 165 So.2d at page 314: "* * * when a policy of insurance provides for interest at a lesser rate, or for a shorter term, than the law fixes, it is in contravention of the law providing that interest shall run from date of judicial demand. * * *"
The decisions so holding concern only whether the insurer or its insured shall pay the legal interest upon an award up to the policy limits. In the decisions on the issue, to allow interest upon the principal awarded would make the company liable for more than its stated policy limits; the question was whether the insured or the insurer should pay legal interest from judicial demand, as required by Louisiana law, upon the principal of a judgment which awarded an injured person the policy limits.
Despite the broad language quoted, we can interpret the decisions under their facts as merely a holding by our Supreme Court that, reading the policy in conjunction with Louisiana law, the agreement by the insurer to pay its policy limits plus interest would in such instances be nugatory if construed so as to require the policyholder to *336 pay the interest required by Louisiana law; for thus his insurer would pay its policy limits less legal interest from judicial demand. This reasoning is not as relevant as to any portion of a judgment in excess of policy limits.
By its supplementary payments clause agreeing to pay interest upon the entire amount of a judgment in excess of policy limits, the insurer intended to provide supplementary protection to its insured over the principal amount plus legal interest thereupon covered by its policy. As the decisions and treated sources above-cited show, however, the intended purpose was merely to pay for interest for which the insured person would otherwise be liable, where (following the judgment) that person's liability for subsequent interest is occasioned by the insurer's unilateral determination to appeal subsequent to the judgment, within the company's sole control under pertinent policy provisions.
The company's agreement to pay this supplementary interest cannot, within the clear policy intent, be extended to cover legal interest upon the excess awarded from the date of judicial demand as well as from the rendition of the judgment. This agreement, providing for supplementary interest upon the excess for the purpose of avoiding prejudice to the insured person through appellate delay, is not, in our opinion, in contravention of the Louisiana statute providing for legal interest from date of judicial demand upon tort judgments.
When the award is for policy limits or less, a policy provision limiting the company's liability for that following judgment has, under Louisiana law, the effect of reducing the protection to the insured from the principal amount of coverage to the principal amount less interest. This explains our courts' holding such a provision in contravention of Louisiana law insofar as sought to be used to limit the insurer's liability to an amount less than the principal amount insured. The same reasoning does not justify our holding ineffective as insurer's supplementary agreement to pay, in addition to the principal amount insured plus legal interest thereupon, legal interest upon any excess of policy limits awarded from the date of judgment only rather than from judicial demand.
We therefore conclude that we were correct in our original decree insofar as Central Mutual was held liable in solido for legal interest upon the entire personal injury award of $25,000.00 (rather than just for legal interest upon the $10,000.00 policy limits awarded). However, upon the amount in excess of its policy limits, Central Mutual is liable only for the legal interest from the date of judgment (October 14, 1965), although under the jurisprudence it is liable for legal interest from judicial demand insofar as its policy limits were awarded.
Decree.
Accordingly, the trial court judgment and our affirmance is amended insofar as it awarded legal interest upon the $1,000.00 medical expenses from the date of the accident (August 10, 1959) instead of from the date of judicial demand (August 1, 1960); and it is further amended, insofar as that portion of the decree holding it solidarily liable with its insured Beavers for $25,000.00, plus legal interest thereupon from judicial demand until paid, plus all costs to provide: "(with the company's liability being limited (a) to its policy limits of $10,000.00 with all costs and legal interest thereupon from date of judicial demand until paid, and (b) to legal interest upon the excess award of $15,000.00 over policy limits from October 14, 1965, until such time as (a) is paid or tendered.)"
As thus amended, our original judgment is reinstated and the defendant-appellee Central Mutual's application for rehearing is denied. We expressly reserve the right of those parties adversely affected by this amendment (the plaintiff, Cora Lee Doty, and the defendant-appellant, Arnel C. Beavers) to apply for further rehearing within the usual delays.
Decree amended and rehearing denied.