513 So.2d 1226 (1987)
Munson FLETCHER
v.
LEADER NATIONAL INSURANCE COMPANY, Marie Bowles and Augustus Bowles.
No. CA 7173.
Court of Appeal of Louisiana, Fourth Circuit.
September 18, 1987.
Rosemary Ledet, Berrigan, Danielson, Litchfield, Olsen & Schonekas, New Orleans, for appellants.
Louis A. Gerdes, Jr., New Orleans, for appellee.
Before KLEES, CIACCIO and WILLIAMS, JJ.
CIACCIO, Judge.
In this action for damages arising out of an automobile-motorcycle accident, the defendants appeal a judgment of the district court which ordered them to pay damages, "together with judicial interest from the date of demand until paid ..." We amend the judgment of the district court, and as amended, we affirm.
On January 19, 1983 defendant Marie Bowles was operating a station wagon eastbound on Chef Menteur Highway. At the time, the plaintiff was driving a motorcycle westbound on the center lane on Chef *1227 Menteur Highway. At the intersection of Chef Menteur Highway and Wilson Avenue, the defendant's vehicle made a left hand turn in order to cross Chef Menteur Highway unto Wilson Avenue. The plaintiff's motor cycle struck the defendant's station wagon on the right rear side. Plaintiff suffered injuries to his left leg, knee and ankle. These injuries required surgery and two hospitalizations.
Following a bench trial, the court found the accident was solely caused by the negligence of Marie Bowles. It awarded judgment "in favor of plaintiff, Munson Fletcher, and against defendants, Leader National Insurance Company, Marie Bowles and Augustus Bowles, in solido, in the full sum of seventy-five thousand dollars together with interest from the date of demand until paid and all costs of these proceedings." Defendants filed a motion for a new trial wherein they allege that the insurance policy in this case was issued to Augustus Bowles and contained a bodily injury liability limit of $5,000 per person. Therefore, they contended that the judgment was incorrect in holding Marie and Augustus Bowles and their insurer liable, in solido, for the full sum of $75,000. Defendants further argued that Augustus Bowles should have been stricken from the judgment in that no evidence was introduced at trial which would have caused him to be cast in judgment.
The trial court denied the motion for a new trial, however, it amended its judgment to clarify the issues of interest due and to include the limits of the insurer's liability under its policy issued to Augustus Bowles. The court thereafter issued the following amended judgment:

AMENDED JUDGMENT
This matter came for trial on the merits:
After considering the pleadings, the evidence and the law and for the written reasons assigned this day:
IT IS ORDERED, ADJUDGED AND DECREED that the accident forming the basis of this lawsuit was caused solely by the negligence of Marie Bowles; therefore there be judgment herein in favor of plaintiff, Munson Fletcher and against Bowles, in solido, in the full sum of seventy-five thousand dollars together with judicial interest from the date of demand until paid and all costs of these proceedings, said judgment as to Leader National Insurance Company is hereby limited to the amount of the policy issued to Augustus Bowles, which amount is five thousand dollars.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that under the terms of the policy of insurance issued to Augustus Bowles, defendant, Leader National Insurance Company, is liable for judicial interest on the full amount of the judgment rendered herein from the date of judicial demand until paid. (Emphasis Supplied)
The court gave reasons for judgment as follows:

REASONS FOR JUDGMENT
The Court has amended its judgment of June 5, 1986 to clarify the issue of whether defendant, Leader National Insurance Company is obligated to pay interest on the entire amount of the judgment rendered herein or only on the policy amount of five thousand dollars.
The Court finds that the language of the policy as written is ambiguous and as such must be construed against the insurance company. The policy does not contain language which clearly indicates that the interest due under the terms of the policy is only for the face value of the policy.
On appeal to this Court, defendants allege that the trial court erred in holding the insurer liable for the payment of interest from the date of judicial demand on the amount of the judgment in excess of its $5,000 policy limit. They argue that the insurer is responsible for interest upon its policy limits from the date of judicial demand and for interest on the amount of the excess of its policy limits only from the entry of judgment. In support of their *1228 position they rely upon the language in its contract of insurance.
Generally, judgments in ex delicto cases bear legal interest from the date of judicial demand until paid. La.R.S. 13:4203. This statute is silent as to the assessment of interest in those cases where a judgment is rendered binding the insurer and insured in solido for an amount in excess of the policy limits. Insurance companies have, however, made contractual provisions for such situations. Generally, in a supplementary payments clause in the insurance policy, the insurer obligates itself to pay legal interest on the amount of its applicable policy limits from the date of judicial demand until the date of the signing of the judgment and thereafter, the insurer obligates itself for interest on the entire amount of the judgment until it pays or tenders the full amount it owes. Glazer v. Louisiana Trailer Sales, Inc., 313 So.2d 266 (La.App. 4th Cir.1975) writ not considered 318 So.2d 47 (La.1975); Doty v. Central Mutual Insurance Co., 186 So.2d 328 (La.App., 3rd Cir.1966), writ denied 249 La. 486, 187 So.2d 451 (1966), citing Lowery v. Zorn, 184 La. 1054, 168 So. 297 (1936).
The issue in this case is whether the supplemental payments clause of the Leader policy accomplished this end. The applicable language reads as follows:
If you lose a lawsuit that we're defending, we'll pay the court costs, including court costs if we decide to appeal. We'll also pay interest on the full amount of the judgement even if the judgement is higher than the limits of liability. And we'll pay this interest from the day the judgement is entered until we've offered the other party the amount of the judgement up to the full limits of liability available under this insurance.
The policy is written in laymen's language. The two sentences providing for the payment of interest are connected by the word "and", and the sentences must be read together. Reading them together we find it clear that the insurer bound itself to pay interest on the full amount of the judgment only from the date of entry of the judgment until it offered to pay its policy limits. Accordingly, we find that the trial judge erred in finding this language ambiguous and in utilizing this as a basis for extending the interest liability of the insurer.
Accordingly, we amend the judgment of the district court to read as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of the plaintiff, Munson Fletcher and against defendants Leader National Insurance Company, Marie Bowles and Augustus Bowles, in solido, in the full sum of seventy-five thousand dollars, with Leader National Insurance Company being liable for the sum of $5,000 and legal interest being paid by Leader National Insurance Company, on that sum which represents its policy limits, from the date of demand until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Leader National Insurance Company pay legal interest on the full amount of the judgment from the date of its signing until paid.
The judgment, as amended, is affirmed.
AMENDED AND AFFIRMED.