544 So.2d 64 (1989)
William E. RUSSELL, et ux.
v.
MARYLAND CASUALTY CO.
No. 88 CA 0403.
Court of Appeal of Louisiana, First Circuit.
May 16, 1989.
Rehearing Denied June 23, 1989.
Stephen K. Peter, Baton Rouge, for William Russell, et ux.
John W. Perry, Jr., Baton Rouge, for Maryland Cas. Co.
Before CARTER, LANIER and LeBLANC, JJ.
CARTER, Judge.
This appeal arises out of an automobile accident.

FACTS
Melissa Leigh Russell was killed in a traffic accident on October 4, 1984, while a guest passenger in another vehicle. It was stipulated that the accident, injuries, and eventual death of Melissa Russell were caused by the negligence of both Connie Foster, the driver of the vehicle in which Melissa Russell was a passenger, and Laurie Acosta, the operator of the other vehicle involved in the collision. The Foster vehicle had insurance coverage with State Farm Mutual Automobile Insurance Company (State Farm) with 10/20 liability limits and 10/20 UM limits. The Acosta vehicle had coverage with State Farm with 25/50 liability limits and 25/50 UM limits. Melissa's parents, William and Lucy Russell, had uninsured motorist coverage with Maryland Casualty Company (Maryland). The precise amount of coverage afforded by the Maryland policy was in dispute, Maryland contended there was $100,000.00 in coverage and the Russells contended the policy limits were $300,000.00.
Prior to trial, the Russells settled with State Farm. The Russells recovered the available $10,000.00 per person liability limits on the Foster vehicle and the $25,000.00 per person liability limits on the Acosta vehicle. The Russells also recovered $2,000.00 from State Farm under its medical payment provisions.
On January 10, 1985, the Russells filed suit for damages against Maryland for $300,000.00, the alleged policy limits of the Maryland policy. In July of 1986, Maryland tendered $100,000.00, the amount it contended was the policy limit.
*65 After trial on the merits, the trial court determined that the Maryland policy afforded uninsured motorist coverage of $300,000.00. Judgment was thereafter rendered in favor of the Russells and against Maryland for $300,000.00, plus legal interest from the date of judicial demand, subject to a credit of $11,763.69 for the amounts paid under the Acosta and Foster policies[1] and a credit for the July 1986, payment of $100,000.00 by Maryland.
On April 9, 1987, Maryland requested a new trial, contending that the trial court judgment should be modified to recognize an additional $10,000.00 credit. On April 13, 1987, the Russells filed a motion for partial new trial, requesting an increase in the general damage award and increased insurance coverage.
On August 26, 1987, pursuant to the motions for new trial, the trial judge amended the judgment, rendering judgment in favor of the Russells and against Maryland for $300,000.00 plus legal interest from the date of judicial demand, subject to a credit of $21,763.69 for the amounts paid under the Acosta and Foster policies[2] and a credit of $100,000.00 for payment by Maryland in July, 1986. The judgment also provided that the $100,000.00 credit was "to be granted only as of the date received" by the Russells and was "to be credited against the full award of principal and interest on the entire principal until the date of said payment." From this adverse judgment, Maryland appeals.
The sole issue for review is whether the trial court erred in awarding legal interest on the $100,000.00 tender by Maryland. Both Maryland and the Russells agree that the proper principal award is $278,236.31, less a credit of $100,000.00 for the sum previously tendered and paid. The only issue before us is whether legal interest should run on the $100,000.00 tendered and paid prior to trial and, if so, for what period of time.
Maryland contends that the trial court had no authority to award legal interest on a sum of money which had been tendered to and accepted by the Russells long before trial. Maryland reasons that legal interest is owed only on $178,236.31 ($278,236.31 $100,000.00). Maryland essentially contends that any amount tendered and paid before trial should not be part of the principal award when the judgment is ultimately rendered.
The Russells contend that legal interest should run on the $100,000.00 tender from the date of judicial demand on January 10, 1985, until its unconditional tender and payment in July' of 1986, some eighteen months after judicial demand was made. The Russells contend that the balance owed on the judgment after credit for $100,000.00 payment should be calculated as follows:

Judgment $278,236.31
Interest18 months @ 1%/month
(January 10, 1985 through July 10,
1986) $ 50,082.54
 ___________
SUBTOTAL; $328,318.84
Balance as of July, 1986 after [$100,000.00]
credit given
TOTAL; $228,318.84

The Russells contend that computing the interest in the manner outlined above precludes Maryland from free use of the $100,000.00 for eighteen months with no interest.[3]
LSA-C.C.P. art. 1921 provides that "[t]he court shall award interest in the judgment as prayed for or as provided by law." River *66 Road Construction, Inc. v. Canal Indemnity Company, 538 So.2d 625 (La.App. 1st Cir.1988).[4]
In Fowler v. Roberts, 526 So.2d 266 (La. App. 2nd Cir.1988), writ denied, 531 So.2d 278 (La.1988),[5] our brethren of the Second Circuit were presented with an issue somewhat analogous to the issue presented herein. In Fowler, State Farm, as the liability insurer, paid its $20,000.00 policy limits to plaintiffs within two weeks after the suit was filed (judicial demand). Interpreting policy provisions similar to those in the Maryland policy, the court held that State Farm owed interest on the entire judgment from date of judicial demand until the date it paid the limits of its liability coverage.
We conclude that the trial court was acting within its authority in awarding legal interest on the $100,000.00 tendered and paid from date of judicial demand (January 10, 1985) until the date of the tender in July, 1986. Therefore, the trial court's amended judgment is further amended and clarified by adding the following additional paragraphs:
IT IS FURTHER ORDERED, AJUDGED AND DECREED that Maryland Casualty Company shall be responsible for the legal interest on the ONE HUNDRED THOUSAND AND NO/100 ($100,000.00) DOLLARS which was submitted as an unconditional tender in July of 1986, from date of judicial demand until the date of the tender.
IT IS FURTHER ORDERED, AJUDGED AND DECREED that Maryland Casualty Company shall be responsible for legal interest on the sum of ONE HUNDRED SEVENTY EIGHT THOUSAND TWO HUNDRED THIRTY SIX AND 31/100 ($178,236.31) DOLARS from date of judicial demand until paid.

CONCLUSION
For the above and foregoing reasons, the judgment of the trial court is amended as set forth above. In all other respects, the judgment is affirmed. Costs are to be paid by Maryland.
AMENDED AND AFFIRMED AS AMENDED.
NOTES
[1] In his reasons for judgment, the trial court awarded each parent $150,000.00 for general damages. He also noted that special damages for medical, funeral, and burial expenses totalled $23,263.21. The trial judge stated the amount received on the Acosta and Foster policies was $35,000.00, excluding the medical payment coverage of $2,000.00 subject to the collateral source rule. After deducting the special damages, the trial judge determined that the State Farm policies paid $11,763.69 toward the Russells' general damages.
[2] Although State Farm, as liability insurer of the Foster vehicle, paid $10,000.00 in the settlement with the Russells, the trial court determined, and all parties agree, that Maryland is also entitled to a $10,000.00 credit for the UM coverage provided by State Farm on the Foster vehicle.
[3] The Russells aptly point out that if Maryland's theory was valid, the insurer could have tendered $278,000.00 on the morning of trial and avoided all judicial interest on the judgment for two years.
[4] For an excellent discussion of interest on judgments, see Landry v. Louisiana Hospital Service, Inc., 449 So.2d 584 (La.App. 1st Cir.1984), and cases cited therein.
[5] The State of Louisiana, Deppartment of Transportation and Development also filed an application for writs, which was granted by the Louisiana Supreme Court. Fowler v. Roberts, 531 So.2d 257 (La.1988). No action has yet been taken by the Supreme Court.