560 So.2d 118 (1990)
David REMEDIES, et al., Plaintiffs-Appellees,
v.
Michael A. LOPEZ, et al., Defendants-Appellants.
No. 88-1371.
Court of Appeal of Louisiana, Third Circuit.
April 18, 1990.
Writ Denied June 1, 1990.
Edward Chevallier, Many, for plaintiffs-appellees.
*119 Sandoz, Sandoz & Schiff, Leslie Schiff, Opelousas, for defendants-appellants.
Before FORET, STOKER and LABORDE, JJ.
FORET, Judge.
This is a personal injury action filed by David Remedies, individually and as natural tutor of the minor children, Jeannie Remedies and Stephanie Remedies. Defendants herein are Michael A. Lopez, Betty Lopez, and Imperial Lloyds Insurance Company (Imperial Lloyds). The trial court rendered judgment in favor of plaintiff, and defendant, Imperial Lloyds, has filed this appeal.
On or about March 7, 1987, Sharon Remedies, wife of David Remedies, was killed when the vehicle she was driving was struck by a vehicle driven by Michael A. Lopez. The evidence is clear that the accident in question was caused solely by the negligence of Lopez. At the time of the accident, Lopez was insured under a liability insurance policy written by Imperial Lloyds with $10,000/$20,000 limits of coverage.
The trial court awarded damages totaling $743,639.59, together with legal interest thereon from date of judicial demand until paid. In its appeal, Imperial Lloyds complains that the trial court erred in finding that Imperial Lloyds was liable for interest on the entire amount of the judgment from date of judicial demand until paid. Imperial Lloyds further complains that the trial court erred in finding that it was liable for the full policy limits of $20,000. We reverse the judgment of the trial court as we find merit in both of these contentions.
IMPERIAL LLOYDS' LIABILITY FOR LEGAL INTEREST ON FULL AMOUNT OF JUDGMENT FROM DATE OF JUDICIAL DEMAND UNTIL PAID
The following provision in the Imperial Lloyds' policy limits the insurer's liability for legal interest on the amount of any judgment in excess of policy limits:[1]
"If you lose a lawsuit that we're defending, we'll pay the court costs, including the court costs if we decide to appeal. We'll also pay interest on the full amount of the judgement even if the judgement is higher than our limits of liability. And we'll pay this interest from the day the judgement is entered until we've offered the other party the amount of the judgement up to the full limits of liability available under this insurance."
La. R.S. 13:4203 provides that "Legal interest shall attach from date of judicial demand, on all judgments, sounding in damages, `ex delicto', which may be rendered by any of the courts." It has consistently been held that this statute creates a rule of public policy requiring liability insurers to assume responsibility for legal interest on the applicable policy limits from date of judicial demand until paid. See Soprano v. State Farm Mutual Automobile Ins. Co., 246 La. 524, 165 So.2d 308 (1964). This, however, is not the issue presented for our consideration herein. The precise issue presented for our consideration is whether or not the aforementioned statute requires the insurer to assume responsibility for legal interest on the amount of any excess judgment (the amount of the judgment beyond the insurer's policy limits) from date of judicial demand until paid. We find that it does not. In O'Donnell v. Fidelity General Ins. Co., 344 So.2d 91 (La.App. 2 Cir. 1977), our brothers in the Second Circuit stated the following:
"LSA-R.S. 13:4203 provides that interest shall attach from date of judicial demand on all judgments sounding in damages, ex delicto. Any provision of a liability insurance policy which purports to limit the insurer's liability for legal interest to less than the legal rate on the amount of the judgment against the insurer from date of judicial demand until paid contravenes the statute and, to that extent, cannot be given effect. Soprano v. State Farm Mutual Automobile Insurance *120 Company, 246 La. 524, 165 So.2d 308 (1964); LeBlanc v. New Amsterdam Casualty Co., 202 La. 857, 13 So.2d 245 (1943); Doty v. Central Mutual Insurance Company, 186 So.2d 328 (La.App. 3d Cir.1966), writ refused 249 La. 486, 187 So.2d 451 (1966). The statute does not, however, require an insurer to pay legal interest on any amount beyond its policy limits or the amount of the judgment against it. Accordingly, numerous cases hold that an insurer is liable for legal interest from judicial demand only on the amount of the judgment against the insurer and not on the amount of any excess judgment against the insured." (citations omitted.)
See also Doty v. Central Mutual Insurance Co., 186 So.2d 328 (La.App. 3 Cir. 1966), writ denied, 187 So.2d 451 (La.1966), in which case we stated the following:
"By its supplementary payments clause agreeing to pay interest upon the entire amount of a judgment in excess of policy limits, the insurer intended to provide supplementary protection to its insured over the principal amount plus legal interest thereupon covered by its policy. As the decisions and treated sources above-cited show, however, the intended purpose was merely to pay for interest for which the insured person would otherwise be liable, where (following the judgment) that person's liability for subsequent interest is occasioned by the insurer's unilateral determination to appeal subsequent to the judgment, within the company's sole control under pertinent policy provisions.
The company's agreement to pay this supplementary interest cannot, within the clear policy intent, be extended to cover legal interest upon the excess awarded from the date of judicial demand as well as from the rendition of the judgment. This agreement, providing for supplementary interest upon the excess for the purpose of avoiding prejudice to the insured person through appellate delay, is not, in our opinion, in contravention of the Louisiana statute providing for legal interest from date of judicial demand upon tort judgments.
When the award is for policy limits or less, a policy provision limiting the company's liability for that following judgment has, under Louisiana law, the effect of reducing the protection to the insured from the principal amount of coverage to the principal amount less interest. This explains our courts' holding such a provision in contravention of Louisiana law insofar as sought to be used to limit the insurer's liability to an amount less than the principal amount insured. The same reasoning does not justify our holding ineffective as insurer's supplementary agreement to pay, in addition to the principal amount insured plus legal interest thereupon, legal interest upon any excess of policy limits awarded from the date of judgment only rather than from judicial demand."
Furthermore, we note that in Fletcher v. Leader Nat. Ins. Co., 513 So.2d 1226 (La. App. 4 Cir.1987), the court was presented with an insurance policy having the identical language contained in the Imperial Lloyds' policy and the court upheld the validity of this provision. We conclude that the policy provision in question does not conflict with the public policy of this State and is therefore legally enforceable. Accordingly, we find that the trial court erred in finding that Imperial Lloyds is liable for legal interest on the entire amount of the judgment from date of judicial demand until paid. The liability of Imperial Lloyds for legal interest on the amount of the judgment in excess of policy limits is to commence from date of judgment as per the policy provision in question.

IMPERIAL LLOYDS' LIMITS OF LIABILITY
In its second assignment of error, Imperial Lloyds argues that the trial court erred in finding that plaintiffs were entitled to recover the entire policy limits of $20,000. We agree. The pertinent provision of the Imperial Lloyds' policy provides as follows:

*121 "Limits of Liability
The limits of liability shown on the declarations page are the maximum amounts we'll pay in damages for any one car accident.
The limit for `each person' is the limit for all claims by all persons for damages from bodily injury to one person. The limit for `each accident' is the total limit for all claims for damages from bodily injury to two or more people in any one car accident."
This provision clearly states that the total coverage for bodily injury to one person is $10,000. In the instant case, only Sharon Remedies suffered bodily injuries and therefore, the policy limits of $10,000 are applicable. See Broussard v. Whitaker, 238 So.2d 228 (La.App. 3 Cir.1970); In re Employers' Liability Assur. Corporation, Ltd., 180 La. 406, 156 So. 447 (1934).
In view of the above and foregoing, the judgment of the trial court is hereby reversed insofar as it provides that plaintiffs are entitled to recover from Imperial Lloyds full policy limits of $20,000. Additionally, the trial court's judgment is reversed insofar as it provides that Imperial Lloyds is liable for legal interest from date of judicial demand on the entire amount of plaintiffs' judgment. In all other respects, the judgment of the trial court is affirmed.
All costs of this appeal are assessed against appellee, David Remedies, individually and as natural tutor of the minor children, Jeannie Remedies and Stephanie Remedies.
Costs at the trial level are assessed against defendants, Michael A. Lopez, Betty Lopez, and Imperial Lloyds Insurance Company.
AFFIRMED IN PART, REVERSED IN PART, AMENDED IN PART, AND RENDERED.
NOTES
[1] Imperial Lloyds acknowledges its liability for legal interest on its policy limits from date of judicial demand until paid and has deposited this sum into the registry of the court.