SHORTESS, Judge.
Gilbert Porche (plaintiff) was injured in an automobile accident. He sued the other motorist, Thomas Waldrip; Waldrip’s employer, Forshag; Forshag’s insurer, United States Fidelity & Guaranty Company (USF & G); and his own uninsured motorist carrier, Louisiana Farm Bureau Mutual Insurance Company (Farm Bureau). Prior to trial, plaintiff settled with USF & G for $100,000.00, and Farm Bureau tendered $50,000.00.
The trial court found plaintiff’s damages totaled $426,917.42.[1] The court imputed the payments made by USF & G and Farm Bureau to the principal due and entered judgment in favor of plaintiff against Farm Bureau in the sum of $276,917.42, together with legal interest on that sum from date of judicial demand. The court also awarded plaintiff interest on the $50,000.00 tendered by Farm Bureau from date of judicial demand until the date of tender.
*537 Plaintiff’s appeal is limited to two issues: (1)whether Farm Bureau is liable for interest on the $100,000.00 paid by USF & G; and (2) whether the $50,000.00 tendered made by Farm Bureau prior to trial should have been imputed first to principal rather than interest.
I.
Plaintiff contends the trial court erred in failing to cast Farm Bureau for interest on the sum paid by USF & G.[2] Whether Farm Bureau was liable for interest on that sum depends on the language of both the insurance policies in question and the receipt and release plaintiff executed in favor of USF & G. See Malbrough v. Wallace, 594 So.2d 428, 438-439 (La.App. 1st Cir.1991). Plaintiff designated the portions of the trial court record which constitute the record on appeal. The appellate record contains neither the policies nor the receipt and release which the trial court had available in making its ruling. It is the appellant’s responsibility to ensure the appellate record is complete. Since the appellant failed to do so, we must presume the trial court’s ruling on this issue is correct. Ronald Adams Contractor, Inc. v. State, 464 So.2d 1003, 1004 (La.App. 1st Cir.1985).
II.
Plaintiff contends the trial court erred in applying the tender made by Farm Bureau prior to trial to the principal sum due plaintiff for damages rather than to accrued interest. The trial court subtracted $150,000.00 (the tender plus USF & G’s payment) from the total damages awarded of $426,917.42 and entered judgment in that amount. At the time of judgment, accrued interest exceeded $50,000.00. Plaintiff contends the court should have entered judgment for $326,917.42, together with legal interest from date of judicial demand until paid, subject to a credit of $50,000.00, to be applied first to accrued interest.
Plaintiff bases this contention on Louisiana Civil Code article 1866 and the case of Payton v. Colar, 518 So.2d 1104 (La.App. 4th Cir.1987). Article 1866 provides:
An obligor of a debt that bears interest may not, without the obligee’s consent, impute a payment to principal when interest is due.
A payment made on principal and interest must be imputed first to interest.
Payton involved a post-judgment tender. In that case, the court held a “tort judgment bearing judicial interest” is a “debt that bears interest” within the meaning of article 1866. 518 So.2d at 1106.
In this case, however, we have a prejudgment tender. At the time the tender was made, there was no “debt that bears interest” within the meaning of article 1866. In McElrath v. Dupuy, 2 La.Ann. 520 (1847), the court held that when the debt was not yet due at the time of payment, this article did not apply.[3] The court stated that the credit was to be applied “to that part of the debt which the debtor had the greatest interest in discharging, which was the principal, as upon that interest was accruing.” 2 La.Ann. at 523.
We note article 1865 provides a creditor may not impute payment to a debt not yet due without the debtor’s consent. In this case, the plaintiff accepted Farm Bureau’s tender and thus consented to imputation of payment to the debt. Since the debt was not yet due, the payment must be imputed to the principal, the part of the *538 debt Farm Bureau had the greatest interest in discharging. Thus, the trial court properly credited the pre-trial tender by Farm Bureau to the principal due.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are taxed to plaintiffs.
AFFIRMED.
LANIER, J., concurs in part and dissents in part and assigns reasons.

. The trial court also awarded plaintiffs wife $7,500.00 for loss of consortium.

. Although his brief is unclear on this point, we assume plaintiff is seeking interest on the sum paid by USF & G from date of judicial demand through date of payment, and not through date of judgment. See Russell v. Maryland Casualty Co., 544 So.2d 64, 66 (La.App. 1st Cir.1989).

. At the time of this decision, the court was interpreting article 2160 of the 1825 Civil Code, which contained substantially the same language as current article 1866, as follows:
The debtor of a debt, which bears interest or produces rents, can not, without the consent of the creditor, impute to the reduction of the capital any payment he may make, when there is interest or rent due.
Every payment which does not extinguish both the principal and the interest must be imputed first to the payment of the interest.