REDWARDS, Judge.
We have decided to grant a rehearing in this matter to address the unresolved issue of whether State Farm, as uninsured motorist carrier, can be held liable for judicial interest on any amount awarded which exceeds the uninsured motorist policy limits. In our original opinion, we were silent on this issue because we determined that the amount of the judgment was $95,000, an amount less than the policy limits, 642 So.2d 327. However, after further consideration, we realize that the amount of the judgment as stated by the trial court was actually the amount of the jury verdict reduced by the amount by which such verdict exceeded State Farm’s policy limits, calculated by the trial court. However, for purposes of resolving the issue at hand, the “amount” of the judgment is actually the full $170,600 awarded by the jury, and not the reduced amount, as stated in the trial court judgment. Given that the “amount of the judgment” is now considered to be $170,600, we address the issue of State Farm’s liability for judicial interest on this amount.
LSA-R.S. 13:4203 provides: “Legal interest shall attach from judicial demand, on all judgments, sounding in damages, ‘ex de-licto,’ which may be rendered by any of the courts.” State Farm concedes that, pursuant to this statutory mandate and the jurisprudential interpretation of it as applied to uninsured motorist carriers, it is required to pay legal interest on its policy limits from date of judicial demand until paid, subject to certain credits which it claims for prior payments which we discuss later in this opinion. In arguing that the trial court erred in awarding legal interest on the amount by which the verdict exceeded its policy limits, State Farm cites several cases in which insurers were not required to pay judicial interest on the amount of any excess judgments. State Farm also cites various cases in which the insurers were required to pay interest on excess judgments, but only from the date of judgment, rather than from the date of demand. See, e.g., Malbrough v. Wallace, 594 So.2d 428 (La.App. 1st Cir.1991), writ denied, 596 So.2d 196 (La.1992); Remedies v. Lopez, 560 So.2d 118 (La.App. 3rd Cir.), writ denied, 563 So.2d |31155 (La.1990). State Farm asserts that these cases create a jurisprudential rule that an insurer’s responsibility to pay interest from the date of judicial demand applies only to the amount of the judgment within its policy limits, and only on the full amount of the award after the judgment has been entered. We cannot agree.
In all of the relevant cases, including those cited by State Farm, the UM insurer’s interest liability has been determined by the courts based on interpretations of the supplementary payments provisions of the liability policy. Thus, rather than creating the alleged hardfast jurisprudential limit on an insurer’s interest liability, the courts have only allowed such limitation when it is consistent with policy language. Thus, in Malbrough, supra, 594 So.2d at 438, (and all other eases in which similar policy language applies) the courts have held that the insurer’s excess interest liability was limited to that accruing after judgment based solely on the policy language, which provided: “In addi *22 tion to our limit of liability, we will pay on behalf of a covered person ... [ijnterest accruing after a judgment is entered in any suit we defend.” (emphasis added).
Contrary to the language cited above, the supplementary payments provision in the State Farm policy applicable in this case provides: “In addition to the limits of liability, we will pay for an insured ... [ijnterest on all damages owed by an insured as the result of a judgment until we pay.... ” This language is clear and unambiguous. Therefore, State Farm is liable for the payment of judicial interest on the full amount awarded, even that in excess of its policy limits, from the date of judicial demand. This is consistent with decisions of other courts interpreting the same, or similar, policy language. See Runnels v. Esteves, 550 So.2d 1225 (La. App. 4th Cir.1989), writ denied, 558 So.2d 1126 (La.1990); Fowler v. Roberts, 526 So.2d 266 (La.App. 2nd Cir.), writ denied, 531 So.2d 278 (La.1988); see also McLemore v. Fox, 565 So.2d 1031, (La.App. 3rd Cir.), writs denied, 569 So.2d 966, 968 (La.1990). Accordingly, we find no error in the judgment of the trial court |4ordering State Farm to pay judicial interest on the excess judgment from the date of judicial demand until paid.
State Farm also contends that the trial court erred in ordering it to pay judicial interest on the $10,000, which amount represents the plaintiffs settlement and dismissal of the tortfeasor and its insurer. State Farm claims that since plaintiff did not reserve her rights to proceed against State Farm, as UM insurer, for the interest on the $10,000 settlement, she thereby waived her rights to interest on the amount of the settlement. Again, we cannot agree.
The issue of whether a personal injury claimant who settles with an uninsured or underinsured tortfeasor renounces his rights against his UM insurer if he fails to expressly reserve them was decided in the negative by our supreme court in Carona v. State Farm Insurance Company, 458 So.2d 1275 (La.1984). In reaching its decision, the court noted that the general and well settled rule is that no one is presumed to have renounced his rights against others unless it clearly appears that he intended to do so. However, in effect at the time of Carona, was C.C. art. 2203 which, contrary to this well settled rule of law, provided, in pertinent part: “The remission or conventional discharge in favor of one of the codebtors in solido, discharges all others, unless the creditor has expressly reserved his right against the latter.” The court expressed disfavor with art. 2203, and noted that the article had been abolished by the legislature in its revision of obligations law (1984 La.Acts, No. 331, effective January 1, 1985). However, since art. 2203 was still in effect, the court in Carona found that it conflicted with the underlying objective of UM legislation, and indeed had been superseded by LSA-R.S. 22:1406(D)(4) of the UM statute. Thereafter, art. 2203 was abolished and replaced with a new code article, LSA-C.C. 1803, which rejects the express reservation of rights requirement. See 1984 La. Acts, No. 331, § 1, art. 1803, Comment (e). Therefore, based on the holding in Carona, supra, 458 So.2d at 1279, and LSA-C.C. 1803, the trial court did not err in holding State Farm liable for the payment of judicial | ginterest on the $10,000 paid to the plaintiff by the tortfeasor’s insurer. See also Ca-dierre v. Duet, 461 So.2d 598 (La.App. 1st Cir.1984); Sharp v. Daigre, 545 So.2d 1063 (La.App. 1st Cir.1989), affirmed, 555 So.2d 1361 (La.1990).
Finally, State Farm contends that the trial court erred in ordering it to pay judicial interest, from the date of judicial demand until tender, on the $5,000 tendered to the plaintiff by State Farm prior to trial. We find no merit in this contention, as we have addressed and answered this issue in Russell v. Maryland Casualty Co., 544 So.2d 64 (La. App. 1st Cir.1989).
For the foregoing reasons, we find no error in the trial court’s assessment of State Farm’s liability for the payment of judicial interest, and the judgment of the trial court is, accordingly, affirmed. Costs of this appeal are assessed to State Farm.
AFFIRMED.
LeBLANC, J., dissents.