liAMY, Judge.
This appeal arises from an automobile accident. The main issue on appeal is whether the Louisiana Insurance Guaranty Association is liable for legal interest on a judgment in excess of its policy limits. For the following reasons, we affirm the judgment of the trial court.
FACTS
On November 16, 1992, Christopher Matthews, a twenty-three year old student at the University of Southwestern Louisiana, was traveling south on Johnston Street in Lafayette, Louisiana on his motorcycle. At about the same time, Roland Paddio, who was driving a Cadillac with the permission of its owner, Paul Mercier, Jr., a close friend of his mother, Joyce Marie Paddio, was traveling north on Johnston Street. Nolan Brown was a passenger in the Cadillac. As Paddio approached the U.S.L. campus, he attempted to make a left turn near the intersection of Johnston Street and East St. Mary Boulevard. Paddio turned left in front of Matthews and the motorcycle ^collided with the Cadillac. Matthews was struck by the automobile and then he was thrown to the ground where he soon died.
The Cadillac, which Paddio was driving, was covered by an insurance policy by American Casualty Insurance Company (ACIC). This policy named Paddio’s mother as the insured party, under the name of “Joyce Mercier,” and provided coverage in the amount of $10,000.00' per person per accident. However, on January 23, 1993, ACIC was declared insolvent.
On November 10,1993, Matthews’ parents, Ray and Marie Matthews, filed suit against Roland Paddio, Joyce Paddio, Paul Mercier, Jr., Nolan Brown, ACIC, and the Louisiana *314 Insurance Guaranty Association (LIGA), who had become liable under the policy pursuant to La.R.S. 22:1375 et seq. Roland Paddio, Joyce Paddio, and Paul Mercier, Jr. subsequently filed an answer denying liability. Also, LIGA filed an answer asserting that it had no responsibility in this litigation because Roland Paddio was not covered by the policy. LIGA denied coverage on two facts, namely: (1) Paddio was not a licensed driver at the time of the accident; and (2) there were initial allegations that Paddio did not have permission to drive the Cadillac.
Trial on the merits was scheduled for May 23, 1995. On Friday, May 19, 1995, Matthews’ attorney received a letter from LIGA’s attorney which contained an offer to settle for $9,900.00, representing the limits of ACIC’s policy, less LIGA’s $100.00 statutory deductible. However, no check was tendered by LIGA and there was no mention of accrued legal interest and court costs.
At trial on the merits, Roland Paddio was allowed by the trial court to terminate the services of his attorney after it was acknowledged that he had reached an agreement with the Matthews. According to the agreement, Paddio stipulated that the accident was caused entirely by his negligence and that the Matthews’ damages were |⅞$1,000,000.00. At the time of trial, Paddio was twenty-one years old, had never completed high school, and had not received a GED. After Paddio consented to the stipulation, LIGA objected to it on its assertion that the quantum was excessive. Notwithstanding, the trial court accepted the stipulation. LIGA then stipulated to liability and coverage through ACIC’s policy and tendered the policy limits, $9,900.00, and post-insolvency interest on that amount and court costs. On May 26, 1995, the trial court rendered judgment against Roland Paddio for $1,000,000.00, together with legal interest from date of judicial demand, until paid, and court costs. Additionally, the trial court found that LIGA was jointly and solidarily liable to the extent of ACIC’s policy limits, minus LIGA’s $100.00 statutory deductible, for a total of $9,900.00, together with legal interest on only the policy limits.
The Matthews appeal from that judgment and assert that the trial court erred in failing to hold LIGA liable for legal interest on the entire judgment of $1,000,000.00. LIGA answered the appeal and asserts that if we find it liable for legal interest on the entire judgment, then, the trial court erred in (1) accepting the stipulation because the quantum was excessive; (2) allowing Paddio to stipulate to damages when he was not represented by an attorney; and (3) allowing Paddio’s attorney to withdraw as counsel prior to the stipulation.
LAW

LIGA’S RESPONSIBILITY FOR LEGAL INTEREST

La.R.S. 22:1382(A), which sets forth LIGA’s obligations, states, in pertinent part, that LIGA shall:
(l)(a) Be obliged to the extent of the covered claims existing prior to the determination of the insurer’s insolvency, or upon order of the court as provided in R.S. 22:735, or arising after such determination but prior to the first to occur of the following events:
| ⅜(1) Expiration of thirty days after the date of such determination of insolvency,
(ii) Expiration of the policy, or
(iii) Replacement or cancellation of the policy at the instance of the insured if he does so within thirty days of the determination,
but such obligation shall include only that amount of each covered claim, except return premiums, which is in excess of one hundred dollars and is less than one hundred fifty thousand dollars, per claim, subject to a maximum limit of three hundred thousand dollars per accident or occurrence, nor shall a claim for the portion of unearned premiums in excess of ten thousand dollars be allowed.
(b) The applicable limit per claim and per accident or occurrence shall be exhaustive of the entire liability of the association under this Part, however arising, without regard to the nature of or basis for that liability, except court costs incurred subsequent to the date of insolvency.
*315 As such, LIGA is obligated to pay covered claims which existed prior to the insurer’s insolvency and LIGA is deemed the insurer to the extent of the insolvent insurer’s obligations. Borchardt v. Carline, 617 So.2d 970 (La.App. 4 Cir.), writ denied, 620 So.2d 844 (La.1993). In other words, LIGA has the rights, duties, and obligations of the insolvent insurer as if the insurer had not become insolvent. Id.
Generally, an insurer owes interest on its policy limits only, from the date of judicial demand until paid, unless the policy provides otherwise. La.R.S. 13:4203; Remedies v. Lopez, 560 So.2d 118 (LaApp. 3 Cir.), writ denied, 563 So.2d 1155 (La.1990). However, automobile liability policies usually provide, in a supplemental payments provision, for payment of post-judgment interest beyond the policy limits. Epps v. City of Baton Rouge, 604 So.2d 1336 (La.App. 1 Cir.1992). Therefore, in order to determine LIGA’s liability for legal interest on the $1,000,000.00 judgment, we must look at the insurance contract.
ACIC’s insurance policy contains a provision entitled “Supplementary Payments” which provides, in pertinent part, that:
Isln addition to our limits of liability and provided that the accident results in bodily injury or property damage covered under this policy, we will pay the following on behalf of a covered person:
⅜ ⅜ ⅜ # ⅜ *
2. Interest accruing after a judgment is entered in any suit we defendour duty to pay interest ends when we offer to pay that part of the judgment which does not exceed our limit of liability for this coverage. [Emphasis Added].
Similar supplemental payment clauses, as the one contained in ACIC’s policy, have been interpreted as requiring the insurer to pay legal interest upon the entire amount of the judgment obtained, not just the policy limits, from the date of the judgment until the insurer has unconditionally paid, tendered, or deposited its policy limits into the registry of the court. Epps, 604 So.2d 1336; Malbrough v. Wallace, 594 So.2d 428 (La.App. 1 Cir. 1991), writ denied, 596 So.2d 196 (La.1992); Remedies, 560 So.2d 118; Glazer v. Louisiana Trailer Sales, Inc., 313 So.2d 266 (La.App. 4 Cir.), writ not considered, 318 So.2d 47 (La.1975); Level v. Calais & Sons, Inc., 514 So.2d 153 (La.App. 5 Cir.1987). However, in each of the above cited cases, the insurer defended its insured in the litigation.
In Doty v. Central Mutual Insurance Company, 186 So.2d 328, 334 (La.App. 3 Cir.), writ refused, 249 La. 486, 187 So.2d 451 (La.1966), this court, in explaining the purpose of a supplemental payment provision in an insurance contract, stated:
‘This would appear to be the only fair result, inasmuch as the insurer has control of the litigation, and can make its election to appeal irrespective of the insured’s desires in the matter. It seems fair to compel the insurer to pay all the interest which accrues pending an appeal, even though the judgment is in excess of the policy limits, for the reason that the insured might desire to pay the excess judgment and thus prevent the running of interest, but the insurer’s control of the litigation would prevent him from doing so.’ [Emphasis Added].
Ifjln Doty, the insurer, who participated in the litigation at the trial court and appellate levels, was held liable for legal interest on its policy limits from date of judicial demand until paid and on the entire judgment from the date of the judgment.
As previously stated, LIGA answered the Matthews’ suit asserting that it had no responsibility in this litigation because Roland Paddio was not covered by the insurance policy. In fact, LIGA denied coverage through the date of trial, and Paddio had acquired his own attorney to handle the case. On the date of trial, Paddio stipulated to liability and damages. After the trial court accepted his stipulation, LIGA then stipulated to liability and coverage through ACIC’s policy and tendered the policy limits, post-insolvency court costs, and legal interest on the policy limits from the date of judicial demand. However, LIGA did not “defend” this suit. Therefore, we find that ACIC’s supplemental payments provision is not applicable to LIGA under these particular *316 facts. Thus, we conclude that the trial court was correct in finding that LIGA was liable for legal interest on only its policy limits.

LIGA’S ANSWER TO THE APPEAL

Since we have found that LIGA is liable for legal interest on only its policy limits from the date of judicial demand, LIGA’s three assignments of errors regarding Pad-dio’s stipulation are now moot.
DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the Matthews.
AFFIRMED.